T. H. DUNHAM *et al.*, Appellees, v. RIX & GOODENOUGH, Appellants.

1. **Warranty of Stallion**: EXPERT TESTIMONY. In an action to recover upon a breach of warranty of a stallion as a sure foal getter, expert testimony is admissible to show that the testicles of a stallion will hang lower in warm than in cold weather.

2. ———: OPINIONS AS EVIDENCE. It being a question in issue whether said stallion when tendered back to the defendant was in as good condition as when purchased by the plaintiff, *held*, that non-expert testimony that the condition of the stallion when so tendered was the same as at the time of the purchase was incompetent.

*Appeal from Sioux District Court.*—HON. SCOTT M.. LADD, Judge.

THURSDAY, OCTOBER 13, 1892.

ACTION to recover for the breach of a warranty of a stallion as a reasonably sure foal getter. From a, judgment for the plaintiffs the defendants appeal.. *Reversed.*

*Argo & McDuffie,* for appellants.

*Wm. Hutchinson,* for appellees.

KINNE, J.—The plaintiffs claim that in November,. 1887, they purchased of the defendants, for two thousand dollars, a Clyde stallion called "Burns." That the defendants warranted said horse in writing as follows: "We guaranty the above-named horse to be a. reasonably sure foal getter, with proper care and handling. In case he should prove otherwise, we agree to. replace him with another horse of same breed and value, upon delivery to us of above-named horse as sound and in as good condition as when purchased of us. This we agree to do at Hawarden, Iowa, immediately upon notice of above stallion not being a reasonably sure foal getter. It is further agreed by the parties making this bill of sale that in case the horse 'Burns' herein sold proves to be not a reasonably sure foal getter, and is replaced by another horse, the time for the payment of the two notes of one thousand dollars each given for the purchase thereof shall be, extended one year from the dates the same became due,. said notes being signed by all the parties named herein and bearing even date herewith." That the horse proved to be and was not a reasonably sure foal getter. That the plaintiffs duly notified the defendants thereof, and demanded that the conditions of said warranty be.

fulfilled. That the defendants have refused and neglected to comply with the terms of the contract. That the plaintiffs are without fault. That they purchased said horse for breeding purposes only, as the defendants knew. That the consideration has wholly failed, and the plaintiffs have been damaged in the sum of three thousand dollars. In an amendment, the plaintiffs aver that, prior to the commencement of this suit, they notified the defendants that they held said horse "Burns" subject to the defendants' order. The plaintiffs also claim damages for the care and keeping of said horse from November 22, 1887, to the commencement of this action March 25, 1889,—five hundred dollars.

The defendants for answer admit the execution of the bill of sale and the delivery of the horse thereunder, and aver that the plaintiffs have failed to keep and perform its conditions. In an amendment they also plead that they have in all respects performed their part of the contract. That the said plaintiffs did not properly care for said horse, and did not deliver him to the defendants in as good and sound condition as when he was purchased. That the plaintiffs negligently permitted said horse to become sore, sick and lame, and did not properly handle him. That in March, 1889, the plaintiffs agreed with the defendants to accept another stallion of same breed and value in full settlement of the contract, and the plaintiffs afterwards refused to accept said stallion in lieu of "Burns." They deny all allegations in petition not expressly admitted.

I. One Thresher, a witness, was, against the defendants' objection, permitted to answer this

1. WARRANTY of stallion: expert testimony.

question: "You may now state to the jury, Mr. Thresher, whether or no that is not the case in warm weather, that the testicles of a stallion will hang lower than in cold weather." It was objected to as incompetent, and not

a question for expert testimony. We see no error in the ruling of the court. The matter inquired about was not within the knowledge of men generally.

II. Dunham, one of the plaintiffs was asked the following question: "You may now state to the jury, 2. ——: opinions Mr. Dunham, what condition the horse as evidence. was in at the time you tendered him to Mr. Goodenough at Rock Rapids, Iowa, in Hawarden, and state to the jury whether or not he was in as good condition as when you purchased him." The question was objected to as leading, immaterial, incompetent, calling for a conclusion of the witness, and because the witness had not shown himself competent to answer the question. A similar question was asked another witness, and the objection made thereto that it called for a conclusion. Both objections were overruled, exceptions were taken, and the witnesses answered that his condition was the same. The witnesses were not experts. It is said in *Yahn v. City of Ottumwa*, 60 Iowa, 432, "It is true that the dividing line between what is fact and what is opinion is not and cannot be very clearly defined," and it is there held competent for a non-expert witness to testify to his conclusions, when the matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time. We do not think the case at bar comes within the exception. The evidence sought was not proper, because it was simply the opinion or conclusion of these witnesses upon one of the most material questions in the case. The result of the admission of such testimony was, as was well said in *Curl v. C., R. I. & P. R'y Co.*, 63 Iowa, 423, "tantamount to allowing the witness to determine the very point in the case which the jury were required to determine upon facts, and not upon opinion." Manifestly, it was for the jury to say from all the testimony as to whether the horse was in the same condition when

tendered back as when purchased, and the witnesses should not have been permitted to usurp the functions of jurors in determining ultimate facts essential to a recovery. It has been held that none but an expert can testify whether a horse is sound or not. *Spear v. Richardson*, 34 N. H. 428. Doubtless the witnesses might have testified to the appearance of the horse as to being well or otherwise, and to any other fact concerning his condition which would have aided the jury in arriving at a conclusion as to whether he was in fact "as sound and in as good condition as when purchased." The jury found, in answer to certain special interrogatories, that the horse was in as sound and good condition when the plaintiffs offered to deliver him to the defendants as when he was purchased. The evidence, it seems to us, must have been prejudicial.

III. We discover no error in the instructions, as for the erroneous admission of the evidence heretofore mentioned, the case must be reversed, it would be improper for us to discuss the point made that the verdict is against the evidence. REVERSED.