### A. D. McKay, Appellant, v. John S. Johnson.

**Evidence:** BREACH OF WARRANTY. One who makes a conditional sale of an engine and who, after reclaiming it for failure of the purchaser to comply with his contract, is sued for rescission of the contract and return of the consideration for breach of warranty, may testify that after reclaiming the engine it did good work while in the same condition as when sold to plaintiff.

EXPERTS. In an action arising out of a breach of warranty of a traction engine, which was to be delivered to plaintiff at F. in good condition, defendant, an expert witnesss, in support of his claim that its failure to work was due to plaintiff's mismanagement, may be asked to state whether it would have been impossible for the valve in ·e engine if in good condition when it left his shop, with a competent engineer, on the trip to F., to have become worn as he found it when it was subsequently returned to him by plaintiff.

SAME. An expert may testify as to the duty of the engineer to keep he set screws tight, and that it would have been impossible for the

2   engine, considering its condition when sold and the amount of
    work done, to have been in the condition in which it was returned,
    if it had been in the hands of a competent engineer.

SAME.   In a suit to rescind a contract for the purchase of an engine,
4   when the question is as to the condition of the engine when deliv-
    ered, and its treatment while in possession of plaintiff, a witness
    cannot give his opinion as to plaintiff's competency to run an
    engine.

PRACTICE.   A party should move to strike out the irresponsive part
3   of an answer if he desires to raise the question of its competency.

*Appeal from Allamakee District Court.*—HON. A. N. HOB-
SON, Judge.

### THURSDAY, MAY 25, 1899.

ACTION at law to recover the value of certain promissory notes and other property. There was a trial by jury, a verdict for the defendant, and a judgment in his favor for costs. The plaintiff appeals.—*Reversed.*

*J. H. Trewin* for appellant.

*W. S. Hart* and *H. H. Stilwell* for appellee.

ROBINSON, C. J.—In November, 1893, the plaintiff purchased of the defendant a traction engine, for which he gave his three promissory notes, for the aggregate sum of six hundred dollars, and to secure their payment executed a chattel mortgage on the engine, two horses, three Esterly binders, and some other property. The notes not having been paid, the property specified was taken and sold, pursuant to the terms of the mortgage. The plaintiff contends that the defendant verbally warranted that the engine was in first-class order when sold, and that, if it was not, he would put it in that condition, and would deliver it to the plaintiff at Frankville, in good order, and make it do good work; that the engine was not delivered in good order, as warranted, nor put in good order, and was not made to do good work; and that, in consequence of such failure, the

plaintiff rescinded the contract of purchase, and placed the engine in a street of Frankville, where it was delivered to the defendant, and demanded the return of the three notes he had made. He asks judgment for the value of the notes, the horses, and the binders. The defendant admits that he represented to the plaintiff that the engine was in good order, and would do good work if properly handled, and that he agreed to run the engine out on the road to Frankville to a certain school house. The defendant further alleges that the engine was delivered in good order, and that he has performed his part of the agreement.

I. The defendant was permitted to testify in regard to the condition of the engine when he took it from Frankville, what was done to repair it, that he sold it to one Peck, and that it was then in substantially the condition it was in previously when sold to the plaintiff. The defendant was also permitted to show that the engine worked well, and did good work for Peck. We think that evidence was competent and relevant, as tending to support the claim of the defendant that the failure of the engine, when used by the plaintiff, was due to his mismanagement and lack of skill. The condition of the engine when sold to the plaintiff, and its condition when sold to Peck, were facts of which the defendant had personal knowledge, and of which his knowledge as an expert made him competent to testify, as he did, although his testimony in regard to its condition was in the nature of an opinion. The rule of *Dunham v. Rix,* 86 Iowa, 300, and similar cases, is not applicable to the ruling in question. If the engine, when in substantially the same condition as when delivered to the plaintiff, was in good condition, and did as good work as it was warranted to do, it may well be inferred that the failures of which the plaintiff complains were due to fault on his part, and not to defects in the engine. It is claimed that the defendant did not know the condition of the engine when delivered to the plaintiff, for the reason that he was not with

it at that time, and it was broken while on the road to Frankville; but he inspected the engine when it was at Frankville, and must have known its condition.

II.    The appellant complains of rulings on the admission of evidence.    The defendant was asked, as a witness, to "state whether or not it is the duty of the engineer in charge of an engine to keep the set screws tight and properly adjusted."   He answered:   "Yes, sir; it is.   I don't think a competent engineer would run an engine with the piston rod bent."   We think the question and the first part of the answer were proper.   The appellant complains of the latter part of the answer; but it was not responsive to the question, and no attempt to have it stricken out was made. The defendant was also asked to state whether or not "it would have been impossible for an engine, in the condition it left your shop, in the hands of a competent engineer on the trip to Frankville, for the pins to have become worn loose, and the valve to have become cut and worn, as you found it when you made that examination in March?" and answered, "No, sir; I think not."

We are of the opinion that, in view of the knowledge of engines which the witness had shown, the question and answer were proper.   A witness was asked as follows:   "Tell the jury whether or not McKay was a fit man, or not, to handle an engine of that character." Notwithstanding an objection of the plaintiff, he was permitted to answer:   "I made up my mind then and there that McKay was not a man that could run an engine, and ought not to be allowed to."   There was nothing in the issues presented by the pleadings, nor in the evidence submitted, to authorize such a question.   The condition of the engine when delivered to the plaintiff was the vital issue, and the treatment to which it was subjected while in his possession was an important matter to determine. The qualification of the plaintiff to run the engine was not an issue in the case, and was involved only so far as he did

not, in fact, manage it properly. The opinion of the witness respecting his qualification was a mere conclusion in regard to a matter which, so far as it could be considered, was for the determination of the jury. The court erred in permitting the question under consideration to be answered, and the error was of a nature to prejudice the plaintiff.

Other questions are discussed, some of which are disposed of by what we have already said, and others are not likely to arise on another trial. It is sufficient to say that the only error shown by the record and discussed in argument is the one to which we have referred. For that the judgment of the district court is REVERSED.