LOUISE ANDERSON, Administratrix, Appellant, v. THE ILLINOIS CENTRAL RAILROAD COMPANY.

**Master and Servant:** NEGLIGENCE.  *Jury question.*  If, in an action for negligence, plaintiff can show that a certain implement was proper and generally used for the kind of work in which the decedent was engaged, and that such implement was not furnished to decedent, the question of negligence of both parties should be submitted to the jury.

ASSUMING RISK OF EMPLOYMENT. Where decedent performed work to which he was unaccustomed, and which could not be said, as a matter of law, to require no more than ordinary skill, it cannot be assumed that he knew the implements furnished him were inferior, and the work dangerous, and that he waived his right to any damage for injury.

EVIDENCE ON NEGLIGENCE: *Admissibility.* In an action for negligence, where plaintiff shows that the tools furnished decedent by the defendant were unsafe, it was error to refuse to allow her to prove what were the proper and ordinary implements for the work in which decedent was engaged, and that it was the general custom to use a certain tool for such work.

SAME. The testimony of men who were familiar with the kind of work in which decedent was engaged was competent to show what implements were commonly used for such work.

*Appeal from Delaware District Court.*—HON. A. S. BLAIR, Judge.

TUESDAY, OCTOBER 24, 1899.

ACTION at law to recover for the death of the plaintiff's intestate, alleged to have been caused by negligence on the part of the defendant. After the evidence had been fully submitted, the court, on the motion of the defendant, directed a verdict in its favor, and rendered judgment against the plaintiff for costs. From that judgment she appeals.—*Reversed.*

*Bronson & Carr* for appellant.

*W. J. Knight* and *Dunham, Norris & Stiles* for appellee.

ROBINSON, C. J.—In March, 1895, the decedent, John Anderson, was in the employment of the defendant as a section hand, subject to the orders of his section foreman, William Durey. The duties of the decedent required him to walk the track, and to perform any labor which Durey directed him to do. The evening before the accident in question occurred, Durey ordered Anderson to appear the next morning and assist in rearranging a load of piles, to

make them safe for further shipment. The piles were from forty to fifty feet in length, and from twelve to eighteen inches in diameter, and were loaded on two flat cars. Durey directed the men to work the piles over to one side of the cars and to restake one side, then to work the piles back and to restake the other side, and then to so level the piles that they could be hauled without danger. Three men were engaged in the work,—one at each end of the piles, and the decedent between them. The implements furnished the men for the work were crowbars and pinch-bars. Both sides of the cars had been staked, and the men were engaged in leveling the piles, standing on one pile and trying to roll the one next to it into the center, when Anderson's bar slipped, and he lost his balance and was obliged to jump to the ground, receiving injuries which are said to have caused his death. The allegation of negligence is that "the tools, apparatus, and appliances furnished by the defendant to the said decedent and his co-employes with which to perform said work were insufficient and unsafe and not proper or adequate for the purposes for which they had to be and were used by said decedent and his co-employes, and defendant's failure to furnish safe and suitable tools, apparatus, and appliances with which to perform the said work required by it of said decedent caused the accident which resulted in the death of said decedent."

The plaintiff sought to show on the trial that cant hooks were best suited to the work of handling the piles, and safer than were the crowbars and pinchbars furnished, and were usually used for such work, but much of the testimony offered for that purpose was rejected by the court. There was evidence which tended to show that cant hooks were not furnished to the sectionmen at Manchester; that during the four and one-half years next preceding the accident the sectionmen had never been required to handle piles; and it is not shown that the decedent, during his seven years' service for the defendant, was ever required to work about piles

before the morning of the accident. The jury would have been authorized to find that the work in which he was engaged at the time of the accident was new to him. It is the well-settled rule that it is the duty of the master to make reasonable efforts to furnish his servant with suitable and safe appliances for the performance of the duties assigned to him. *Newbury v. Manufacturing Co.,* 100 Iowa, 441; *Fink v. Ice Co.,* 84 Iowa, 321; *Corson v. Coal Co.,* 101 Iowa, 224; Cooley Torts, 663. If, therefore, the cant hook was the proper implement to use in moving the piles in question, the plaintiff should have been permitted to show the fact. It is true that an employer may, within reasonable limits, select implements for the use of his employes which are not of the best which can be obtained; and the employe who accepts employment, or elects to remain in it, with knowledge that the implements furnished him are not the safest and best which can be obtained for the uses for which they are designed, may waive all claim against his employer for damages which result from the character of the implements used. *Hayden v. Manufacturing Co.,* 29 Conn. 548; *Moulton v. Gage,* 138 Mass. 390; *Sweeney v. Envelope Co.,* 101 N. Y. 520 (5 N. E. Rep. 358); *Marsh v. Chickering,* 101 N. Y. 396 (5 N. E. Rep. 56). The bars furnished by the defendant for use in moving the piles in question were, so far as is shown, perfect of their kind, and Anderson knew that they were to be used. But, as we have seen, they were to be used in doing work to which Anderson was not accustomed, and it cannot be said, as a matter of law, that the work did not require more than ordinary knowledge and skill. Anderson must have known that, if his bar slipped while he stood upon a round pile, he would be in danger of losing his footing, and that injury might result; but, in view of his inexperience in handling piles, we cannot say that he should have known that he was required to work with an inferior implement, nor that he knew the work would be dangerous, and therefore waived all right to dam-

age which should result from it. The jury would have been authorized to find that the decedent did not by negligence on his part contribute to the accident; and we are of the opinion that the plaintiff should have been permitted to show, if she could, that the proper implements for handling the piles were cant hooks, and that it was the general custom to use them for that kind of work, to enable the jury to determine whether the defendant used reasonable care in furnishing Anderson and his fellows with the bars they used, rather than with cant hooks. *Myers v. Iron Co.,* 150 Mass. 125 (22 N. E. Rep. 631); *Washington & G. R. Co. v. McDade,* 135 U. S. 554 (10 Sup. Ct., Rep. 1044); *Whitsett v. Railway Co.,* 67 Iowa, 150; *Jeffrey v. Railroad Co.,* 56 Iowa, 546; 27 Am. & Eng. Enc. Law, 902. And the testimony of men who were familiar with the methods of moving timbers similar to the piles in question was competent to show the implements commonly used for such work. *Dunham v. Rix,* 86 Iowa, 300; *Betts v. Railway Co.,* 92 Iowa, 343; *McConnell v. City of Osage,* 80 Iowa, 293; *Baldwin v. Railroad Co.,* 50 Iowa, 680. We conclude that the court erred in rejecting testimony. If it can be said that there was sufficient evidence introduced to show the uses of the cant hook, then we are of the opinion that the question of negligence on the part of the decedent and on the part of the defendant should have been submitted to the jury. For the errors pointed out, the judgment of the district court is REVERSED.