McCoy v. THE K. & D. M. R. Co.

1. **Common Carrier**: LIABILITY: TRANSPORTATION OF STOCK. Where the cause of the damage, for which recovery is sought, is not connected with the conduct, character or propensities of the animals undertaken to be carried, the ordinary responsibility of the carrier should attach.

2. ———: LIMITATION OF LIABILITY: CONTRACT. A contract between a shipper and a common carrier, limiting the latter's liability, made and to be performed within the State, is in conflict with section 1308 of the Code.

3. ———: BURDEN OF PROOF. The burden of proof is upon a common carrier who has received property for transportation, to establish the facts which excuse or relieve him from liability.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 20.

THE plaintiff alleges that in November, 1874, he delivered to defendant, at Ottumwa, three car-loads of cattle, in good

condition, which defendant undertook, as a common carrier, to safely transport to Altoona, Iowa, and there deliver them to the plaintiff; that defendant did not safely deliver said cattle according to its undertaking, but that many of said cattle were killed, and others injured in the course of transportation, to plaintiff's damage in the sum of $364. The defendant claims that at the time of the alleged shipment of plaintiff's cattle he entered into a written contract with defendant, agreeing that said stock should be carried by defendant without liability for damage occasioned by delay of trains, or any damages except such as might be occasioned by collision, or when cars are thrown from the track in course of transportation.

There was trial by jury, verdict and judgment for plaintiff for $100, and defendant appeals.

*Wright, Gatch & Wright*, for appellant.

*Williamson & Williams*, for appellee.

ROTHROCK, J.—I. The defendant requested the court to give the following instruction to the jury: "The defendant, a railroad company, is not liable in this case as a common carrier; that is, for all damages and injuries to cattle save such as may have occurred through the intervention of a public enemy, or the act of God. Defendant, in receiving and undertaking to convey plaintiff's cattle, is bound, in performing such contract, to exercise that care and diligence that would be exercised by a competent and faithful business man, experienced in this particular work, * * * * . "

1. COMMON carrier: liability: transportation of stock.

This instruction and others of like import were refused, and the jury were instructed on this branch of the case as follows: "As a general rule of law, common carriers are liable for the safe transportation and delivery of all goods and property delivered to and received by them for transportation, and are liable in damages to the owner of such goods or property for a failure to deliver the same, but to such general rule there are several exceptions. Common carriers are not

liable for goods or property lost through the intervention of a public enemy, or the act of God.

"Common carriers are not liable, in transporting cattle, for injuries which may occur to them by reason of their own viciousness, or unruliness, or fault while being transported, or for any injury or damage to them which might have been prevented by the exercise of reasonable care by the owner (he being in charge of the cattle on the train, overseeing their transportation), nor would the defendant be liable for any cattle that may have died by reason of disease while being transported, or by reason of failing strength on account of being poor in flesh."

It is insisted by counsel for defendant that the common law rule, fixing the liability of common carriers, has no application to the transportation of live stock. In our judgment, the rule of the common law should be applied to transportation of this character of property so far as it may be applicable, and that it should be modified only so far as may be necessary, owing to the peculiar character of the property to be transported. The argument that the rule fixing liability was settled when the carriage of live stock was unknown, and that this class of property was not contemplated, is answered by the important consideration that the law should keep pace with the march of improvement, by applying the rules already established to the changed condition of things. The rule announced by the instructions complained of is sustained by a decided weight of authority. *Smith v. N. H. & N. R. Co.*, 12 Allen, 531; *Wilson v. Hamilton*, 4 O. State, 722; *Kan. Pacific R'y Co. v. Reynolds*, 8 Kansas, 623; *Clarke v. The Rochester & Syracuse R. R. Co.*, 14 N. Y., 570.

These and other cases which might be cited adopt the rule as contained in the instructions of the court below. It will be seen, upon examination of these cases, that this is not an innovation upon the common law. The rule is that where the cause of the damage for which recompense is sought is unconnected with the conduct, character or propensities of the animals undertaken to be carried, the ordinary responsibility of the carrier should attach.

This is in harmony with the exception to the general rule which has always existed, excusing the carrier from liability for such losses as arise by reason of some inherent defect or characteristic of the article conveyed, as for natural decay of fruits, vegetables or meats, spontaneous combustion, the heating of grain, and the like.

The defendant, having undertaken the transportation of the cattle as a common carrier, and the contract having been 2. ——: limi- made and performed in this State, under section tation of lia-  1308 of the Code, the contract restricting liability bility: con-tract.  was inoperative and of no effect, and the court properly instructed the jury that the liability of the defendant was the same as it would have been if no such contract had been entered into. *McDaniel v. Chicago & Northwestern R. R. Co.*, 24 Iowa, 412.

II. The court instructed the jury as follows: "If you find from the evidence that the cattle were injured while they were 3. ——: bur- being transported upon defendant's train, then the den of proof.  plaintiff has made out a *prima facie* case, and the burden will be upon the defendant to prove that care and skill on their part would not have prevented the loss or injury."

This is objected to as, in effect, holding the defendant liable, even though the injury may have occurred through the viciousness or unruliness of the cattle. We do not so understand it. It merely gives the rule as to the burden of proof in cases against common carriers. That the rule was correctly stated in the instruction there can be no doubt. The burden of proof is upon a common carrier, who has received property for transportation, to show the circumstances which excuse or relieve him from liability. *Angle v. Miss. & Mo. R. R. Co.*, 18 Iowa, 555; *Winne v. Ill. Central R. R. Co.*, 31 *Ib.*, 583.

AFFIRMED.