Benjamin Betts *et al.* v. The Chicago, Rock Island & Pacific Railway Company, Appellant.

Carriers: TRANSPORTATION OF STOCK. A carrier is liable for injuries to stock caused by its kicking, where it carries it in cars so built as that a slight kick from it would break the car. He is bound to provide a reasonably safe car for the transportation, having in view such conduct of the stock as is usual and ordinary, even though such conduct may be due to its natural propensities. But if such a car is provided, and the stock is injured because of its natural propensities to kick or otherwise act, he is not liable. *McCoy v. Railway Co.*, 44 Iowa, 424, distinguished.

Expert testimony may be given on whether a car is safe for transporting stock. *Curl v. Railway Co.*, 63 Iowa, 417; *Barnes v. Town*, 46 Iowa, 567, and *Spears v. Town*, 66 Iowa, 721, distinguished.

*Appeal from Keokuk District Court.*—Hon. Henry Banks, Jr., Judge.

Monday, October 22, 1894.

Action for injury to stock shipped on defendant's line of road. Judgment for plaintiffs, and the defendant appealed.—*Affirmed.*

*Thomas S. Wright, Robert Mather,* and *Craig, McCrary & Craig* for appellant.

*J. F. Smith* for appellees.

Granger, C. J.—I. Plaintiffs shipped from Des Moines to Keokuk, Iowa, on defendant's line of road, a car load of horses and mules. When the car reached its destination, it was found that some of the slats forming the sides and inclosure of the car had been broken, and that one horse and two mules were injured. Just how the injury occurred does not conclusively appear, but it is appellant's theory that it

was caused by the kicking of the animals, and such a conclusion has support in the evidence. The petition is in three counts, and appellant contends that it is apparent from the record that the findings for the plaintiffs are based on the averments of the third count, and that view may obtain in our consideration of the case. The grounds of recovery, as stated in the third count, are that the car "was unfit for the purposes of shipping stock, by reason of its weakness and unfitness." The following instructions are made a ground of complaint: "It was the duty of the defendant railway company to provide a suitable car and one of sufficient strength for the purpose of shipping mules and horses; and if the defendant failed to do so, and, by reason of such failure or neglect, some of the animals shipped in said car were injured, the defendant is liable for the injury caused thereby to said animals. When a railway company undertakes to carry horses and mules, they are bound to furnish such cars as are strong enough to hold such animals from injuring themselves by reason of the weakness of such car; and if you find the car was broken in which the stock of plaintiff was shipped from Des Moines, and that same was broken by the ordinary acts and usual conduct of such stock when carried on cars on a railway, then, as to this issue, you will find for plaintiff." Defendant asked instructions embodying the rule that if the car was reasonably safe for the purpose of carrying stock, and that the "stock, by reason of fear, anger, excitement, or from any other cause in the nature of the animal to kick, did kick, and break holes in the sides of the car, whereby some of the legs of the animals were skinned, and they injured themselves from their own vicious natures, * * * without fault or negligence on the part of defendant," it would not be liable. Properly considered. we do not think there is an essential difference between the rule asked

and the one given. We understand the rule to be that the company must provide a reasonably safe car for the transportation of stock, and that when such a car is provided, and stock is injured because of its viciousness or disposition to kick or otherwise so act as to injure itself, or one animal injures another, where the injury is not a result of neglect on the part of the company to properly care for the stock, the company is not liable. This is the rule of *McCoy v. Railway Co.*, 44 Iowa, 424; *Kinnick v. Railway Co.*, 69 Iowa, 665, 29 N. W. Rep. 772. It is not, however, to be understood that a reasonably safe car is one that will merely hold or confine the stock for transportation, but it must be a car reasonably safe for transporting the stock without injury from any causes that should be reasonably anticipated. In *Kinnick v. Railway Co., supra*, the *McCoy Case* is referred to, and the rule is announced "that, when the cause of damage for which recompense is sought is connected with the character or propensities of the animals undertaken to be carried, the ordinary responsibility of the carrier does not attach." Appellant relies on this rule, and insists that the company was not required to furnish a car in which the animals would not be injured by kicking, because the damage is the result of the character or propensities of the animals to kick. That is giving to the rule, as announced, too broad a construction.

The facts of the cases in which the rule has been announced indicate very fairly its intended scope. It is surely not to be thought that if a car is so constructed that stock, from its natural disposition to crowd, should be injured because of a manifestly faulty construction of the sides of a car, the company would not be liable. Such a rule would not be contended for; and it will be conceded, we think, that the company, in the construction of its cars for such a purpose, must have in mind that stock so confined is likely to crowd and be forced

against the sides of a car, and it must so construct its cars as to avoid unnecessary injury. If this is correct, the literal application of the rule as claimed by appellant can not obtain, and it certainly should not. Horses and mules, when thus confined, may not be as likely to kick as to crowd, but we can not say that it is unusual for them to both crowd and kick, at least to some extent. We do not think that a car, the sides of which are so constructed that a slight kick from a horse or mule would break them, would be sufficient for such shipments. It is not for us to determine what would be a reasonably safe car for such purposes, because it is a question of fact, or, at least, it is generally so. The superior court only permitted a recovery if the car "was broken by the ordinary acts and usual conduct of such stock when crowded on cars on a railway." It also told the jury that "if, from the whole case, you find that defendants used due care, and furnished a suitable car for the purpose of shipping horses and mules, and that the injury was caused by the natural propensities of the said animals," the plaintiffs could not recover. We think the rule of the instructions, somewhat concisely stated, is that the company was bound to provide a reasonably safe car for the transportation of such stock, having in view such conduct as is usual or ordinary for it, even though such conduct might be the result of the natural propensities of such stock, and that the company was liable for damages resulting from a neglect to do so; but that if such a car was provided, and the stock was injured because of its natural propensity to kick or otherwise act, there could be no recovery. Of such a rule appellant has no just ground of complaint.

II. One of the plaintiffs, after stating that he was familiar with the shipping of stock in stock cars, that

he had been shipping about nine years, and had experience as to what cars would hold stock and those that would not, was asked: "State whether or not the bars in that car were sufficient and suitable to hold horses." And he answered, against objections, that they were not. It is urged that it was error to permit the answer. We do not think so. The claim is that it was stating a conclusion, so as to bring it within the rule of *Curl v. R'y Co.*, 63 Iowa, 417, 16 N. W. Rep. 69, and 19 N. W. Rep. 308; *Barnes v. Town of Newton*, 46 Iowa, 567; and *Spears v. Town of Mt. Ayr*, 66 Iowa, 721, 24 N. W. Rep. 504. In two of the cited cases it was held that it was not competent for a witness to state a conclusion as to whether or not a sidewalk was dangerous, but that the facts should be stated, and leave the conclusion to the jury. In the other case an important issue was as to whether or not a conductor allowed a passenger reasonable time in which to pay his fare before ejecting him from the car; and it was held that the conductor, as a witness, could not state the conclusion that he did give such time. In those cases, when the facts were stated, the jury could as well find the conclusion as the witness could form one from his knowledge of the facts; for, with the facts known, no particular experience, skill, or knowledge was necessary to reach the conclusion. But the character of a car that will meet the requirements for shipping stock is to be known from experience or observation as to what will meet the test. To reach such a conclusion, one should have knowledge of the usual habits of stock when confined in cars, and what kind of cars have, and have not, proved sufficient for such purposes.

We think there was no error in the ruling of the court. There are no other assignments so argued as to authorize their consideration. The judgment is AF-FIRMED.