John Grieve v. The Illinois Central Railway Company, Appellant.

**Contract:** CARRIERS: *Public policy.* A railroad company cannot, under Code 2074, preventing any limitation of the liability of a common carrier, relieve itself from care of live stock by a contract providing that the cars shall be in charge of the shipper, who assumes the duty of loading and unloading, attending a and feeding the stock at his own expense and risk.

RULE APPLIED. Notwithstanding the invalidity of a provision of a contract for the shipment of live stock requiring the shipper to care for the same, a shipper who is furnished transportation and actually undertakes to care for his stock, cannot recover from the carrier for injuries occasioned by his neglect to exercise such care. Citing *Railroad Co. v. McRae* (Texas) 27 Am. St. Rep. 926; *Johnson v. Railroad Co.* (Miss.) 11 So. Rep. 104; *Clark v. Railroad Co.*, 67 Am. Dec. 205.

SAME. Valid conditions in a shipping contract, which cannot be separated from those which are understood by both parties to be invalid, can be enforced.

SAME. The fact that no notice of damage was given a railroad company, as required in a shipping contract, does not relieve the company of liability, since the condition is a limitation of the carrier's liability, and therefore void, under Code, section 2074, providing no contract shall exempt any railroad corporation engaged in transporting property from the liability of a common carrier, which would exist had no contract been made or entered into.

EVIDENCE. Injury to property in transit being shown, the burden is cast upon the carrier to exculpate itself from blame.

*Same.* A shipper who has undertaken to care for his own stock while in transit, has the burden of showing that injury thereto did not result from his own negligence, and, if occasioned by failure to do what he has undertaken, then, that such failure resulted from omission on the part of the carrier to do some duty devolving upon it.

**Appeal:** CONDUCT BELOW. Where a defendant, by answer, meets issues indefinitely stated in the petition, he cannot afterwards complain that they are not properly tendered.

RULE APPLIED. The petition alleged that stock was damaged by delay in delivery, and by "their long confinement, * * * exposure, and lack of proper care and attention" The answer denied

lack of care, and set up matter in justification of the delay. *Held*, that the answer put in issue the question of negligence in the delay and failure to exercise care.

HARMLESS ERROR. Error in overruling a motion to direct a verdict for defendant is cured so far as possible by setting aside the verdict returned and granting a new trial; and the refusal to direct will not be reviewed, on appeal.

*Appeal from Buena Vista District Court.*—HON. W. B. QUARTON, Judge.

## MONDAY, FEBRUARY 7, 1898.

ACTION for damages on shipment of stock. Trial to jury, and verdict for the plaintiff. The motion of the defendant for new trial was sustained, and that for judgment on the answers to special interrogatories overruled. The defendant appeals.—*Affirmed.*

*Duncombe & Kenyon* and *T. D. Higgs* for appellant.

*Mack & De Land* for appellee.

LADD, J.—The plaintiff shipped thirty-nine head of fat cattle and some hogs over the defendant's railway, June 26, 1894, from Storm Lake to Chicago. These were loaded at about 9 o'clock P. M., and reached Chicago at 5 o'clock A. M., of June 28th, but were not delivered to the consignee at the stock yards till eight minutes after 2 o'clock P. M. The plaintiff alleged in his petition that "during all the time from 5 o'clock A M. to 3 o'clock P. M. of the said twenty-eighth day of June, 1894, the said cattle and hogs were kept confined in the cars within which they were shipped, and upon the tracks of the defendant, at different points of the city of Chicago, exposed constantly and continuously during all such time to the heat of the sun, which was excessive; that when said cattle and hogs were delivered to the

consignee at about 3 o'clock P. M. of said twenty-eighth day of June, 1894, they were in a badly-damaged condition, having shrunken considerably in weight, and showing in other ways their long confinement in the cars, exposure, and lack of proper care and attention, by reason of which this plaintiff has been damaged in the sum of six hundred dollars." It is asserted that no allegation of failure to properly care for the stock is contained in the portion of the petition set out. The statement is not as specific as might have been required, had timely obejection been made. The answer, however, clearly puts in issue the negligence charged in delay and the failure to exercise care, as it, in terms, denies lack of care, and alleges the delay was occasioned by the intimidation, violence, and interference of strikers and mobs in Chicago, and that the stock was delivered as soon as possible. Having met the issues, indefinitely stated in the petition, the defendant is not in a position to say they were not tendered.

II. The alleged error in overruling the motion to direct a verdict for the defendant ought not to be determined. If it be conceded, the court corrected it, in so far as possible, by setting aside the verdict returned, and granting a new trial. The evidence may be different on another trial, and, in any event, we cannot anticipate what the court's ruling will be when the question is again presented.

III. The jury found, in answer to special interrogatories, that the transportation of the stock was unreasonably delayed, but that this was not occasioned by any negligence on the part of the defendant. It will be observed that no finding was returned with respect to the care given the stock. The assertion that this is not within the issues has been disposed of. It is said,

however, that no notice of the claim for damages was given, as required by the shipping contract. This contains the condition that "no claim for loss or damage to stock shall be valid against said railroad company unless it shall be made in writing, verified by affidavit, and delivered to the general freight agent of the railroad company at Chicago, or to agent of the company at the station from which the stock is shipped, or to the agent of the company at the point of destination, within ten days from the time said stock is removed from said cars." Such limitations have been regarded as reasonable and binding, in the absence of statutory regulations, as tending to prevent fraud. *Dawson v. Railway Co.*, 76 Mo. 514; *Coggin v. Railway Co.*, 12 Kan. 416. But they are limitations of the liability of the common carrier, and cannot be upheld, because against the prohibition of section 2074 of the Code: "No contract, receipt, rule or regulation shall exempt any railroad corporation engaged in transporting persons or property, from the liability of a common carrier, or carrier of passengers, which would exist had no contract, receipt, rule or regulation been made or entered into." See *Missouri P. R'y Co. v. Vandeventer*, 26 Neb. 222 (41 N. W. Rep. 998); *Ohio & M. R'y Co. v. Tabor*, 98 Ky. 503 (32 S. W. Rep. 168; 36 S. W. Rep. 18); *Brown v. Railroad Co.*(Ky.) 38 S. W. Rep. 862.

IV. The defendant insists it was relieved from the care of the stock by the terms of the contract, in the words following: "(2) The cars containing the stock are to be in charge of the shipper or his agents, while in transit, free transportation for such persons being furnished by the railroad company, upon the conditions, and in accordance with the rules printed at the head of this contract, and the shipper assumes the duty of loading and unloading said stock, and of attending to, feeding and watering the same, at his own expense, and risk, The railroad company shall not be liable for any injury

the animals may do to each other or themselves, nor for any loss or damage caused by theft, cold, heat, or suffocation. * * *" The plaintiff accompanied the stock, but insists that all provisions of the contract relieving the defendant of liability are void, under the section of the statute already quoted. That a railroad company is not permitted to limit its liability in such cases has been too often determined by this court to call for further elaboration. *McCoy v. Railroad Co.*, 44 Iowa, 424; *McDaniel v. Railway Co.*, 24 Iowa, 412; *Kinnick v. Railroad Co.*, 69 Iowa, 665; *McCune v. Railroad Co.*, 52 Iowa, 600. Such conditions are readily severable from those relating to the transportation of the stock, which the parties had the right to make, and the plaintiff may insist on those which are valid, without being bound by those understood by both parties to be void. See *Casady v. Woodbury County*, 13 Iowa, 113; *Osgood v. Bauder*, 75 Iowa, 550; *Smith v. Smith*, 87 Iowa, 93; 2 Parsons, Contract, 517; 3 Am. & Eng. Enc. Law, 886. But the company had the right to employ the plaintiff by furnishing him transportation to accompany the stock, load and unload, water and feed it, and, if he actually undertook to do this, and injury was occasioned by his negligence, it is not perceived on what theory the carrier may be held responsible. In such a case, damages result, not from any lack of care on the part of the carrier, but from that of the owner. See *Hart v. Railroad Co.*, 69 Iowa, 485; *McCoy v. Railroad Co., supra*. Now, if the owner undertakes to oversee the transportation of his stock and attend to loading and unloading it, feeding and watering it, whether by contract or voluntarily, and it suffers injury through his fault, he cannot recover, though the contract in no way relieves the company from liability. Hence the section of the statute is not applicable in such a case. From his familiarity with the animals he

is presumed to know what care is required, better than a stranger, and, having undertaken to bestow this, the company is not liable for his omission to do so, unless resulting from its failure to furnish proper facilities therefor, or reasonable opportunity for so doing. In other words, the carrier is liable for such losses only as result from its failure to discharge the duties not assumed and undertaken by the shipper. *Railway Co. v. McRae*, 82 Tex. Sup. 614 (27 Am. St. Rep. 926 (18 S. W. Rep. 672); *Johnson v. Railway Co.*, 69 Miss. 191 (11 South. Rep. 104); *Clarke v. Railway Co.*, 67 Am. Dec. 205, and note; 5 Am. & Eng. Enc. Law (2d ed.), 440. The right to require the shipper to accompany the stock, it will be noticed, is not involved, as Grieve, in fact, did so. As a general rule, injury to property transported being shown, the burden is cast upon the carrier to exculpate itself from blame. This is because of its exclusive control of the property, and of the instrumentalities of transportation, and of its superior means of information. But is this true where the shipper assumes to and actually does take charge of his stock during its transportation? In such a case the animals are not in the exclusive custody of the carrier, nor are its means of information superior to those of the shipper, who is in a position to know what has been done or omitted, as well, if not better, than the carrier. Now, the cattle were kept in the cars, without unloading, or feeding, or watering, in Chicago, for about nine hours, and the injury, if any, was occasioned thereby. All this, however, the plaintiff had assumed to do, and, if his failure therein was caused by any act of the defendant, he knew what it was as well as the company. If he demanded facilities for unloading the cattle, or for feeding and watering them, and these were not pro-

·vided, or were refused, then the burden was cast upon the defendant to excuse itself for not furnishing them. But the burden is certainly on the shipper, in the first instance, to show that the injury did not result from his own negligence, and if occasioned by failure to do what he has undertaken, then that such failure resulted from an omission on the part of the company to perform some duty devolving upon it. This conclusion has ample support in the authorities. 4 Elliott, Railroads, sections 1549, 1552; *Terre Haute Ry. Co. v. Sherwood,* 132 Ind. 129 (31 N. E. Rep. 781); *St. Louis Ry. Co. v. Weakly,* 50 Ark. 397 (8 S. W. Rep. 134; 7 Am. St. 104); *Louisville, Etc., Ry. Co. v. Hedger,* 9 Bush, 645 (15 Am. Rep. 740); *Railway Co. v. Reynolds.* 8 Kan. 623. See *Faust v. Railway Co.,* 104 Iowa, 241. We have called attention to these rules in view of another trial, because not recognized in the instructions given.—AFFIRMED.