O. POWERS v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

Railroads: INJURY TO STOCK IN TRANSIT: EVIDENCE. In an action
1  for injury to stock while in transit, the evidence is held sufficient to support a finding that the same was in good condition when delivered to defendant by a prior carrier.

Stock in transit: PRESUMPTION AS TO CONDITION: BURDEN OF PROOF.
2  Where stock is shown to have been in good condition at a certain point in transit, it will be presumed that they were in the same condition when delivered to a connecting carrier, and

the burden is on the connecting carrier to rebut such presumption.

**Shipping contracts.:** LIMITATION OF CARRIER'S LIABILITY. A shipping contract which attempts to limit a carrier's common law liability for the care of stock while in transit and shift the duty to the owner, is in violation of Code, section 2074, and void.

*Appeal from Butler District Court.*— HON. CLIFFORD P. SMITH, Judge.

FRIDAY, NOVEMBER 17, 1905.

Rehearing denied May 24, 1906.

SUIT to recover damages for injuries to horses received while being transported over the defendant's railway. Trial to the court, and a judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Carroll Wright, John I. Dille,* and *Geo. M. Craig,* for appellant.

*M. Hartness,* for appellee.

SHERWIN, C. J.— The plaintiff shipped the horses in question from Belgrade, Mont., to Greene, Iowa, They were loaded at Belgrade on the 25th day of August, and were delivered to the Northern Pacific Railroad Company, whose agent billed them to the Minnesota Transfer, Minneapolis, Minn. The plaintiff accompanied the horses from Belgrade to Minneapolis, and they were twice unloaded for care and rest during the journey; the first time at Billings, Mont., and the other time at Mandan, N. D., where they were in the yards about thirty hours. The plaintiff gave the horses his personal care and attention in transit and until they were delivered to the defendant at Minneapolis, at about three o'clock in the afternoon of the 30th day of August, but soon after their delivery to the defendant he took a passenger train for Greene, Iowa. The horses did not arrive there

until eight o'clock the next night, about twenty-eight hours after they were received for shipment. Two of them died the next day, and others were badly injured when they reached Greene.

The appellant's sole ground for a reversal is that the finding and judgment are not supported by sufficient evidence. It is contended that the evidence does not show that

1. RAILROADS: injury to stock in transit: evidence.
the horses were in good condition at the time they were delivered to appellant, that no delay in their transportation is shown, and that it is not shown that damage resulted by reason of delay; but it is shown that the injuries may have resulted from "lack of attention by appellee, which he contracted to give the horses." The evidence conclusively shows that the horses were healthy and in good condition at the time they were loaded at Belgrade, and that the same condition existed when they were reloaded at Mandan, only about a day before they were delivered to the appellant. In addition to this, there is evidence tending to show that they were in good condition when delivered to the appellant. It is true that this evidence is not as positive and direct as the evidence of their previous condition, but the plaintiff testified that he went to the car, after it reached Minneapolis, with a prospective purchaser of some of the horses, who went into the car and looked the horses over, and that he himself looked them over from the ground, and could see nothing wrong with any of them. The injuries received by some of the horses were of such character that it would be almost impossible for an experienced horseman like the plaintiff to look into the car without discovering them, and this evidence alone, in the absence of any showing to the contrary, would justify the court's finding as to their condition when delivered to the appellant.

But it need not rest on this alone. The horses were shown to be in good condition when they left Mandan, and the presumption is that they were still in such condition

when delivered to the appellant. *Smith v. New York Central R. Co.,* 43 Barb. 225. When the healthy condition of an animal is once shown, there is a general presumption that such condition continues until the contrary is shown. See Lawson on Presumptive Evidence, 167–176. It being shown that the horses were injured in transit, the burden is upon the defendant to exculpate itself from blame and this it has not done. *Grieve v. I. C. Ry. Co.,* 104 Iowa, 659; *Kinnick Bros. v. C., R. I. & P. Ry. Co.,* 69 Iowa, 665.

*2. STOCK IN TRANSIT: presumption as to condition: burden of proof.*

The shipping contract undertook to limit the appellant's liability by providing that the owner should assume all " risk and expense of feeding, watering, bedding," etc., and that the carrier was exempted from liability for loss or damage arising from heat, suffocation, crowding, maiming, etc. Section 2074 of the Code declares that " no contract, receipt, rule or regulation shall exempt any railway corporation engaged in the transportation of persons or property from the liability of a common carrier, or carrier of passengers, which would exist had no contract, receipt, rule or regulation been made or entered into." The limitations of this contact were in violation of this statute, and did not relieve the appellant from liability. The appellee did not accompany the horses, nor undertake to do so, and hence the rule announced in Grieve v. Ry. Co., *supra,* is not applicable.

*3. SHIPPING CONTRACTS: limitation of carrier's liability.*

The judgment is *affirmed.*