C. H. SWINEY v. AMERICAN EXPRESS COMPANY, Appellant.

**Carriers:** SHIPMENT OF LIVE STOCK: DAMAGES: BURDEN OF PROOF. The ordinary liability of a common carrier of goods with respect to the care to be exercised applies to the shipment of live stock; and while the carrier is not liable for the loss of live stock if it is due from any cause not its fault, or through its own vicious propensities, still this principle is not to be so extended as to relieve the carrier from taking notice of the ordinary weakness, character and propensities of domestic animals, and to make reasonable provision against loss or injury therefrom. And proof of delivery to the carrier in good condition and redelivery at the destination in a damaged condition makes a *prima facie* case of damages and casts the burden upon the carrier, especially when the shipment is not accompanied by a care taker, to show facts relieving it from liability.

**Same:** PLEADING OF NONESSENTIAL FACTS: EFFECT. The allegations in an action for injury to a hog while in transit, that the animal was roughly handled and as a result was injured and died; that it was so roughly handled as to break the crate in which it was shipped, and was placed by the carrier in another crate having protruding spikes on which the animal was injured; and that the animal was injured by rough handling and by permitting the crate to fall to the ground, were separate and independent averments, a failure to prove one of which was not fatal to the action; since plaintiff need only prove delivery to the carrier in good condition and redelivery in a damaged condition to make a *prima facie* case, and need not prove nonessential averments. And this is especially true as the court withdrew from the jury all allegations except the first general charge.

**Instructions:** EMPHASIZING PARTICULAR FACTS. Whether the condition of the animal when redelivered to plaintiff was such as to lead a reasonable man to believe that it was due to any act of defendant, was not determinative of plaintiff's right of action; and the refusal of the court to make special reference to its condition at such time was therefore proper. And the ruling was also right because refusing to select certain isolated facts from the mass of testimony and to emphasize them in the minds of the jury.

**Carriers:** INJURY TO LIVE STOCK: PLEADINGS. The essential facts neces-

sary to make a *prima facie* case of injury to property while in transit, are plaintiff's ownership, delivery to and acceptance by the carrier for transportation, and loss or damage while in transit. An averment of good condition when delivered to the carrier is not necessary to the statement of a good cause of action.

*Appeal from Webster District Court.*—HON. J. H. RICHARD, Judge.

TUESDAY, MARCH 10, 1908.

REHEARING GRANTED SATURDAY, DECEMBER 19, 1908.

SUPPLEMENTAL OPINION THURSDAY, OCTOBER 28, 1909.

ACTION at law for the value of a hog alleged to have been injured while in the possession of the defendant as a common carrier. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*P. F. Nugent,* for appellant.

*Kelleher & O'Connor* and *W. S. Kenyon,* for appellee.

WEAVER, J.—The appellant is a corporation or association engaged in the business of carrying goods and freight for hire in Iowa, Minnesota, Wisconsin, Illinois, and other states, and the plaintiff is a breeder and dealer in Poland China hogs at Webster City, Iowa. In the year 1903 the plaintiff owned a valuable Poland China sow, which he exhibited at the state fairs of Iowa, Minnesota, and Wisconsin. At the close of the exhibition at Milwaukee, Wis., plaintiff's agent in charge of the animal placed it in a crate and delivered it to defendant's agent in that city to be carried to Webster City, Iowa. In his petition and amendment thereto the plaintiff alleges, in

substance, that defendant, having transported the hog to Webster City, delivered it to him in a damaged and injured condition, which terminated in its death soon thereafter. He further alleges that said injuries were occasioned by the act of the defendant and its employees in roughly handling the animal and breaking the crate in which it was inclosed, and in placing it in another in which there were protruding spikes, and by letting the crate with said animal fall to the ground. The allegations as to the injury to the animal from spikes protruding through the crate and by the falling of the crate to the ground were withdrawn from the jury by the trial court. The defendant admits the receipt and transportation of the hog, but denies any fault on account of its alleged damaged or injured condition, and denies all liability therefor. Other special defenses were pleaded which are not urged on appeal, and we need make no further reference thereto. The errors assigned and points made in the brief of appellant are too numerous to admit of their separate consideration in this opinion, but the principal propositions about which the others naturally group themselves may be stated as follows:

I.   That the evidence is insufficient to support a finding for the plaintiff, and verdict should have been directed in defendant's favor. This contention is grounded upon the assumption that there is no evidence that the hog was injured in transit, and that defendant was in no manner negligent with respect to the care or treatment of the animal while in its hands, and especially that there is a failure of proof as to the specific acts and omissions charged in the petition. The position taken by counsel seems to involve the thought that to sustain a recovery in cases of this character the shipper is bound to support his claim by an affirmative showing of negligence in the carrier. This, we think is not the rule which has heretofore been

1. CARRIERS: shipment of live stock: damages: burden of proof.

recognized and applied by this court, and is opposed to the prevailing doctrine approved by the courts of this country in general. The ordinary liability of a common carrier is that of an insurer against all risks incident to transportation, save such as result from the act of God or public enemy; and proof of the delivery of the goods to the carrier in sound condition and of their redelivery at the end of the route in damaged condition makes a sufficient case to sustain a recovery of damages by the shipper. *Winne v. Railroad Co.,* 31 Iowa, 583; *Bennett v. Express Co.,* 83 Me. 236, (22 Atl. 159, 13 L. R. A. 33, 23 Am. St. Rep. 774.) It has sometimes been suggested that this rule has no application to the shipment of live stock, but the great weight of authority is against the recognition of such exception. *McCoy v. Railroad Co.,* 44 Iowa, 424; *Kinnick v. Railroad Co.,* 69 Iowa, 655. There is, however, a well-recognized modification of the carrier's liability which, while applicable to the shipment of goods in general, finds its most frequent illustration in the shipment of live animals. This feature of the rule may be stated as follows: That while a carrier, whether negligent or otherwise, is generally liable as an insurer for loss and damage occurring to goods while in its hands for transportation, it is not liable in the absence of negligence on its part for any loss or damage caused by or resulting from the perishability or inherent weakness or vice in the subject of shipment. For instance, if fruit which is carried with due speed and proper care decays, or if the shipment be of live stock, and it die of disease or inherent weakness, or become sick without fault of the carrier, or receive injury through its own vicious propensities, in such case the law very properly places the loss upon the owner, and not upon the carrier. *Blower v. Railroad Co.,* L. R. 7 C. P. 662; *Kinnick v. Railroad Co.,* 69 Iowa, 665; *Betts v. Railroad Co.,* 92 Iowa, 343. But this principle is not to be so extended as to relieve the carrier from the duty to take

notice of the ordinary weakness, character, and propensities of domestic animals, and to make such provision against loss or injury therefrom as may reasonably be done in furnishing the means of transportation and providing for the protection of the property during transit. *Kinnick v. Railroad Co., supra; Betts v. Railroad, supra.* It logically follows from these rules, and from the fact that ordinarily a carrier alone has knowledge of the manner in which the shipment has been forwarded and cared for, that where property whether dead freight or live stock is found to have suffered loss or damage in transportation, especially where the shipment is not accompanied by the shipper, or a caretaker in his service, the burden is upon such carrier to show facts which relieve it from liability. It is so held in several of the cases already cited. In *McCoy v. Railroad Co., supra,* the claim sued upon was for injury to cattle in course of shipment over the defendant's road. On the trial, defendant insisted it could only be held liable upon an affirmative showing of negligence, but the court instructed the jury that proof by plaintiff that his cattle had been injured in the course of shipment was sufficient to cast upon the defendant the burden of showing facts establishing its freedom from liability. That instruction was approved by this court A somewhat similar instruction, which placed the burden on the defendant, but seemed to hold that the carrier could exculpate itself from liability for injury to a shipment of live animals by proof of reasonable care on its part, was held in *Chapin v. Railroad Co.,* 79 Iowa, 582, to be more favorable to the defendant than it was entitled to. See, also, as to the burden of proof in such cases *Brennison v. Railroad Co.,* 110 N. W. (Minn.) 363; *Elam v. Railroad Co.* (Mo. App.), 93 S. W. 852; *Boehl v. Railroad Co.,* 44 Minn. 191, (46 N. W. 334); *Dow v. Packet Co.,* 84 Me. 490, (24 Atl. 945); *Railroad Co. v. Wynn,* 88 Tenn. 320, (14 S. W. 311); *Nelson v. Railroad Co.,* 28 Mont. 297,

(72 Pac. 651); *Railroad Co. v. Woodard,* 164 Ind. 360, (72 N. E. 558); *Railroad Co. v. Morris,* 93 Pac. (Wyo.) 664. Our attention is cited by appellant to a recent case decided by the Nebraska Supreme Court (*Wente v. Railroad Co.,* 112 N. W. 300) which holds that, where it affirmatively appears that the animal shipped has not suffered through the neglect of the carrier, the ordinary presumption of liability from its delivery in bad order has no application. This ruling was made upon an admitted showing that the animal had been shipped in a stable car, with proper food and water, and was tended and cared for over the entire route by the agent and employee of the plaintiff. For the purposes of the argument it may be conceded that under the particular facts there shown the cited decision is entirely sound; but, if it is to be construed as holding that ordinarily a carrier's liability is to be made to turn upon the simple question of negligence, we cannot consent to follow it. Returning now to the facts of the case at bar, we are not prepared to agree with counsel that plaintiff failed to make a *prima facie* case. While many of the essential facts are the subject of much dispute, there was evidence directly tending to show that the hog when delivered to the defendant at Milwaukee was in good order, and that when redelivered to the plaintiff at Webster City it was in a damaged condition, being unable to stand or walk, showing signs of soreness and pain, and that its death soon followed. Defendant's agent who accompanied the shipment to Chicago says that when he transferred the animal to another route at the last-mentioned city it appeared to be all right, and as it is also shown to have been in bad order or damaged condition on its arrival at Webster City it devolved upon defendant under the rule already stated to make good its defense. This it sought to do by the testimony of its agents and employees having charge of the animal during its transportation, but the sufficiency of the showing thus made to overcome the

presumption of liability and the testimony offered by plaintiff tending to show that the hog's damaged condition was not due to disease or inherent weakness was a matter for the consideration of the jury.

II. Error is assigned because of the court's refusal to instruct the jury that plaintiff could recover only by proof that the animal had been injured by letting the crate fall to the ground. This exception is bottomed upon the thought that plaintiff's petition states simply a general charge of negligence followed by the particular specification of the alleged fall of the crate, to which specification it is claimed plaintiff must be limited in proof, and that failure therein defeats his right of recovery. As we view it, this construction unduly limits the scope of the petition. That pleading in its original form alleged: First, that the animal was handled so roughly by the defendant and its agents while in course of transportation that it became injured and died as a result thereof; second, that said defendant and its agents handled said shipment so roughly as to break the crate in which the same was shipped, and then placed it in a crate having spikes protruding on the inside against which the animal was thrown by the movement of the train and thus injured. Later an amendment to the petition was filed alleging that the animal had been injured by the act of the defendant in roughly handling the crate and letting it fall to the ground. The several allegations constituted something more than a mere general averment of negligence followed by a particular statement or specification of the negligent act complained of. Fairly construed we think they must be treated as separate and independent averments, and that failure to prove the alleged fall of the crate is not necessarily fatal to the plaintiff's action.

Moreover it is to be remembered that of the three allegations mentioned the trial court in submitting the case

to the jury withdrew from its consideration all except the first or general charge. Of this the appellant cannot complain. As we have already said, the carrier's liability does not turn upon the mere question of negligence. To make a *prima facie* case the plaintiff need only to prove the delivery of the shipment in good condition, its transportation, and its redelivery in a damaged condition. If he has alleged and proved these facts, he need not go further and prove the nonessential averments, if any, contained in the pleadings. He need not prove more than is essential to entitle him to the relief asked. Code, section 3629. In support of this conclusion we need only to cite *Engle v. Railroad Co.*, 77 Iowa, 661. There the plaintiff brought action to recover damages on account of fire set out by defendant's locomotive. The petition charged specific acts of negligence in respect to the origin of the fire, and the defendant there, as here, contended that, having alleged certain acts of negligence, plaintiff must prove some one of them, and, failing therein, could not recover. In overruling the objection we said: "As the occurrence of the injury is made *prima facie* evidence of negligence, it is sufficient for the plaintiff in such cases to set forth simply its occurrence in his pleading. The allegation of negligence in the pleading was therefore redundant, for proof by him of such negligence was not essential to his right of recovery, and the fact that his pleading contains an unnecessary averment does not change the rule as to the *quantum* of proof he is required to make." This rule was again applied by us in *Ware v. Anderson*, 107 Iowa, 231. The plaintiff there averred that he delivered cattle to the defendant to be pastured, and that at the end of the season defendant failed to return a portion of the herd, and in respect to such failure made specific charges of negligence. Of this feature of the issues we said: "That the appellee charged negligence in the petition is not regarded as controlling, for the reason that it was not

required to prove more than was necessary to entitle it to the relief demanded." The rule applied by us in *Wirstlin v. Railroad Co.*, 124 Iowa, 170, cited by counsel, is not at all inconsistent with the conclusion here stated. In that case the plaintiff sought to recover damages occasioned to his stock by the defendant's neglect to maintain a proper gate in a right of way fence. In that class of cases the plaintiff can make a case only by averring and affirmatively proving negligence on the part of the defendant. Applying that rule, it was there held that plaintiff having expressly bottomed his claim for recovery upon certain specific averments of negligence, he must recover thereon or not at all. It needs but a glance to recognize the broad distinction between the two lines of precedents.

III. The appellant submitted twenty-one requests for instructions to the jury, and assigns error upon their refusal. The questions thus raised are in a large measure governed by the conclusions we have already announced, and need not be further considered. In so far as the request embodied correct instructions, we think the subjects were sufficiently covered by the charge of the court. The twentieth request, upon which special stress is laid in argument, is open to the criticism that from the voluminous record of a long trial it selects and arrays certain alleged facts which defendant believed had a tendency to discredit plaintiff's case, and directs the jury that they "may all be taken into consideration in passing upon the good faith of the plaintiff in bringing this suit and in determining whether the condition of the hog when delivered to the plaintiff by defendant was such as to lead a reasonable man to believe that said condition was due to any act of the defendant." Of this it is sufficient to say that the fact whether the condition of the animal when delivered by defendant to plaintiff at the end of the route was such as

3. INSTRUCTIONS: emphasizing particular facts.

to lead a reasonable man to believe that such condition was due to any act of the defendant was in no manner determinative of plaintiff's right. The request was furthermore objectionable as selecting from the mass of testimony certain isolated facts and unduly emphasizing them in the minds of the jurors.

IV.   The further point is made that plaintiff's petition fails to allege that the animal was in good condition when delivered to the defendant at Milwaukee, and there-

4. CARRIERS: injury to live stock: pleadings.

fore fails to state a good cause of action. This objection was made the ground for a motion in arrest of judgment, and overruled. We find no authority for the proposition that an express allegation of good condition at the time of its shipment is necessary to the statement of a good cause of action against the carrier. On the contrary, the practically universal holding is that the essential facts necessary to make a *prima facie* case are the ownership of the property, its delivery to and acceptance by the carrier for transportation, and loss or damage suffered thereby in transit. Proof of the alleged injury will usually, if not always, involve the necessity of showing the condition of the property when shipped, not because the condition at the date of shipment is an essential element of the right of action, but as a material matter of evidence from which with other facts the jury may find whether the property sustained any injury or loss en route. Indeed the rule is frequently stated that the good order of the shipment is to be presumed from its acceptance by the carrier and the issuance of a receipt or bill of lading therefor specifying no defects. 6 Cyc. 517, 518. There was no error in overruling the motion in arrest.

Other questions have been argued by counsel, but we cannot properly extend this opinion for their discussion. We have examined them all with care in the light of the record presented, and find no prejudicial error. The

petition states a good cause of action. There was sufficient evidence in support of the claim to require a submission of the issues to the jury. The instructions by the court state correct rules of law, and are fairly full and explicit, and we find nothing to justify us in disturbing the verdict.

The judgment of the district court is *affirmed.*

#### ON REHEARING.—AFFIRMED.

PER CURIAM.—An opinion was filed in this case on the 10th of March, 1908; is reported in 115 N. W. 212. A rehearing was granted because of doubt as to the correctness of the fourth division of said opinion. We have again given the entire case careful consideration, and reach the conclusion that the original opinion is in all respects right, and that it should be adhered to and adopted as the opinion of the court on rehearing, which is accordingly done, and the judgment *affirmed.*