HIRAM A. DOW

*vs.*

PORTLAND STEAM PACKET COMPANY.

Cumberland.   Opinion May 28, 1892.

*Common Carrier.   Burden of proof.*

Although a common carrier insures the arrival of the property at the point of destination against everything, but the act of God and the public enemy, yet the condition in which it shall arrive there must depend upon the nature of the article to be transported. He does not absolutely warrant live stock against the consequences of its own vitality.

But when the animal is delivered to him in a sound, healthy condition, and when delivered at the place of destination is found to be lame or diseased, if the carrier would excuse himself, the burden is upon him, to prove that the injury to the animal was from the cause above stated, and without his fault.

ON MOTION AND EXCEPTIONS.

This was an action brought to recover the value of one horse and one donkey which were delivered by the plaintiff on board the defendant company's steamboat, Tremont, at Boston, March 20, 1889, to be carried to Portland. The steamer sailed from Boston on the morning of March 22d, and arrived at Portland the same afternoon. The donkey was delivered to the plaintiff the same day of its arrival, and led away by him; but he refused to take away the horse from the company's wharf, and

it was allowed to remain there some seven or eight days, when it died from pneumonia.

The case was tried to a jury in the Superior Court, for Cumberland county, and they returned a verdict of eighty dollars damages for the plaintiff.

The plaintiff contended that the animals had been injured by the negligence of the defendant, and the defendant contended that they were sick when taken on board, and that they died from natural causes over which he had no control and for which he was not liable. The exception taken to the charge of the presiding justice is stated in the opinion.

*John C. and T. H. Cobb,* for plaintiff.

*Benjamin Thompson,* for defendant.

Counsel cited: *Smith* v. *R. R. Co.* 12 Allen, 531; *Penn* v. *R. R. Co.* 49 N. Y. 204; *Blower* v. *Ry. Co.* Law Rep. C. P. cases, 655; *Hussey* v. *The Sarayossa,* 3 Woods, 380; *Kendall* v. *Ry. Co.* 7 L. R. Ex. 373; *Nugent* v. *Smith,* 1 L. R. C. P. Div. 423; *Ocean Steamship Co.* v. *McAlpin,* 69 Ga. 437, cited in Schoul. Bail. & Carriers, 578, note 2.

LIBBEY, J. The plaintiff claims to recover of the defendant company the value of a horse and a donkey which he delivered to the defendant, a common carrier by water, at Boston, to be carried to Portland. He claims that when delivered to the defendant the animals were in a good condition, and when landed at Portland, the horse was paralyzed and the donkey sick, and both died in a few days from their injuries.

There was no contention between the parties as to the rules of law by which the liability of the company must be determined. The contention between them is upon the instruction of the judge as to the burden of proof in regard to the diseased condition of the animals when landed.

The portion of the charge excepted to by the defendant was as follows: "The burden, in the first instance, is on the plaintiff to satisfy you that he delivered the animals to the defendant company in good condition, and that they were not deposited on the wharf here in as good condition. When he has done that, he has *prima facie* made out a good case against the com-

pany. The burden then rests upon the company to satisfy you that they have fulfilled their duty as common carriers in the transportation of the animals ; that they have taken good care of them, and that their sickness and death were caused by something outside of their duties and over which they had no control."

The learned counsel for the defendant contends that this was error; that to charge it, the burden is still on the plaintiff to prove that the sickness and death of the animals were caused by the fault of the defendant.

We think this is not so. "Although the carrier insures the arrival of the property at the point of destination against everything but 'the act of God and the public enemy,' yet the condition in which it shall arrive there must depend on the nature of the article to be transported. He does not absolutely warrant live stock against the consequences of its own vitality." *Smith* v. *New Haven & Northampton R. R. Co.* 12 Allen, 531. But in that case the court held that if the carrier would excuse himself, he must prove that the loss or injury was from that cause and without his fault. The same rule was held in this State, in *Shaw* v. *Berry*, 31 Maine, 478.

The rule is so stated in Story on Bailments, § § 574 and 576. So in Wharton on Evidence, § 365.

We have carefully examined the evidence on the motion to set aside the verdict, and see no such cause as courts require to disturb it. The damages assessed by the jury are not large, eighty dollars, probably for the horse only.

*Exceptions and motion overruled.*

PETERS, C. J., WALTON, VIRGIN, HASKELL and WHITEHOUSE, JJ., concurred.