Hillsborough, }
  June, 1895. }

### FAUCHER v. WILSON.

A truckman who is not a common carrier is bound to exercise ordinary care in respect to goods entrusted to him; and if a common carrier, is not liable for losses happening from the operation of natural causes.

CASE, against the defendant as a common carrier of goods, for the loss of a hogshead of molasses. Facts found by the court.

The defendant was engaged in the business of trucking goods for hire from the railway freight station in Manchester to different stores in the city. On one of the warmest days in the summer of 1891, he transported a hogshead of molasses from the freight station to the plaintiff's store on Elm street, a distance of a little over half a mile. By reason of the fermentation of the molasses, the hogshead burst while being unloaded. The plaintiff's loss was not caused by any want of ordinary care on the part of the defendant. Each party moved for judgment in his favor.

*Burnham, Brown & Warren,* for the plaintiff.

*Joseph W. Fellows,* for the defendant.

CHASE, J.   It is not found that the defendant was a common carrier.   The finding, that he was engaged in the business of trucking goods for hire from the railway freight station to different stores in the city, lacks the distinguishing characteristic of a common carrier, namely, the holding of oneself out as ready " to carry at reasonable rates such commodities as are in his line of business, for all persons who offer them, as early as his means will allow."   *Sheldon* v. *Robinson,* 7 N. H. 157, 163; *Elkins* v. *Railroad,* 23 N. H. 275; *Moses* v. *Railroad,* 24 N. H. 71, 80, 88, 89; *McDuffee* v. *Railroad,* 52 N. H. 430, 448; *State* v. *Express Co.,* 60 N. H. 219, 261; 2 Kent 597, 598; Sto. Bailm., *ss.* 495, 508; *Brind* v. *Dale,* 8 C. & P. 207; *Liver Alkali Co.* v. *Johnson,* L. R. 9 Exch. 338, 343; *Scaife* v. *Farrant,* L. R. 10 Exch. 358, 365; *Nugent* v. *Smith,* 1 C. P. Div. 423; *Fish* v. *Chapman,* 2 Kelly (Ga.) 349; *Allen* v. *Sackrider,* 37 N. Y. 341; *Lough* v. *Outerbridge,* 143 N. Y. 271, 278.   The inference from this finding is as strong, to say the least, that the defendant's business was limited to trucking for particular customers, at prices fixed in each case by special contract, as it is that he held himself out as ready to truck for the public indiscriminately at reasonable prices.   If such was the character of his business, he was not an insurer of the plaintiff's goods,— there being no special contract of insurance,— and was only bound to exercise ordinary care in respect to them.

If the defendant was a common carrier, he is not liable for the plaintiff's loss, since it happened from the operation of natural laws, which a common carrier does not insure against.   *Hudson* v. *Baxendale,* 2 H. & N. 575; *Great Western Railway Co.* v. *Blower,* 20 W. R. 776; *Nugent* v. *Smith,* 1 C. P. Div. 423; *Nelson* v. *Woodruff,* 1 Black 156; *Smith* v. *Railroad,* 12 Allen 531, 533; *Swetland* v. *Railroad,* 102 Mass. 276, 282; *Dow* v. *Packet Co.,* 84 Me. 490; *Coupland* v. *Railroad,* 61 Conn. 531; *Rixford* v. *Smith,* 52 N. H. 355.   In *Farrar* v. *Adams,* 1 Bull. N. P. 69, it is said that " if an action were brought against a carrier for negligently driving his cart so that a pipe of wine was burst and was lost, it would be good evidence for the defendant that the wine was upon the ferment, and when the pipe burst he was driving gently."

It being found that the plaintiff's loss was not due to any want of ordinary care on the part of the defendant, there must be

*Judgment for the defendant.*

All concurred.