Rockingham, }
Dec. 7, 1920. }

### STATE *v.* ALVAH H. DOWNES.

One who operates an automobile in transporting passengers for hire along a regular route, making no stops and receiving and discharging passengers only at the *termini*, does not receive and discharge passengers "alona a regular route over which the vehicle is operated" within the meaning of Laws 1919, *c.* 86, *s.* 1.

In the ascertainment of the legislative purpose in a statute, the object and procedure are the same as in the construction of a private contract: the situation of the parties, the general purpose in the enactment and all gpparent circumstances connected therewith are competent evidence of the intention expressed by particular words and phrases.

INDICTMENT, under chapter 86, Laws 1919. The respondent operated an automobile in Portsmouth in the business of transporting passengers for hire along a regular route. He made no stops, taking on and discharging passengers only at the *termini*. The respondent is guilty if these facts bring him within the statute. Transferred without a ruling upon the agreement of the parties by *Allen*, J., from the May term, 1920, of the superior court.

*William H. Sleeper*, solicitor, for the state.

*John L. Mitchell*, for the respondent.

PARSONS, C. J.   "Every person, firm or corporation operating any motor vehicle other than a street car upon any public street or way in the business of transporting passengers for hire, and receiving and discharging passengers along a regular route over which the vehicle is operated, is hereby declared to be a common carrier and as such shall be subject to the provisions of this act so far as applicable thereto." Laws 1919, *c.* 86, *s.* 1. The following sections of the chapter provide for the regulation of the business described in section one. The question presented is whether the defendant's business is within the terms of section 1, as it is conceded he is guilty if his business is so included. The business answers the description of the statute except possibly in a single particular; passengers are received and discharged only at the *termini* of the route. The state claims that this is receiving and discharging passengers "along a regular route over which the vehicle is operated," within the meaning of the statute.

Such an interpretation might be placed upon the language. Construing "along" in the sense of "beside "or "at the side of," for which there ·is authority, the respondent may be said to receive and discharge passengers along the route although he does so only at the *termini*. It is probable the passengers so mount and dismount from the vehicle. This would be so, even if entrance to the vehicle is at the end instead of on the side. It is not probable the method of getting in or out of the vehicle of transportation was intended as the test by which the legislature determined the necessity of regulation prescribed by the act. As passengers received and discharged only at the *termini* of a regular route, in a sense are received and discharged along the route, the respondent is within the statute, if the legislature intended to include a business so carried on. "But as the same word or series of words may convey very different meanings, according to the circumstances under which they are used or the subject-matter to which they apply, the situation of the parties, their general purpose in the transaction, and all apparent circumstances connected therewith, are competent evidence of the intention expressed by particular words and phrases in the contract. . . . Language, independent of the subject-matter or the author's general purpose, is usually meaningless and obscure." *Kendall* v. *Green*, 67 N. H. 557, 562, 563. In the ascertainment of the legislative purpose in a statute, the object and procedure are the same as in the construction of a private contract. What did the words mean to those who used them? *Opinion of the Justices*, 66 N. H. 629, 651; *State* v. *Railroad*, 76 N. H. 146, 149. The occasion for the statute is not disclosed by any facts reported. Whether judicial knowledge of matters of public interest might be called upon here to elucidate the legislative purpose in the absence of any evidentiary facts need not be considered; as the act itself contains a reference which sufficiently discloses the legislative purpose. The act applies to "any motor vehicle other than a street car." The business of passenger transportation by street cars or street railways was, therefore, in the legislative mind. In seeking to regulate motor vehicles other than street cars it is probable the legislature intended motor vehicles conducting substantially the same business if the language used is fairly descriptive of it. One distinguishing characteristic of street railway transportation is the frequent stopping to take on or discharge passengers along the route, not merely at but between *termini*. Construing "along a regular route" to mean between and not merely at the *termini* of the route, the language of the statute aptly describes passenger street

railway transportation. As the language in one view aptly describes transportation by street cars, it is probable that it was intended to have such meaning in a statute providing for the regulation of street transportation by motor vehicles other than street cars. As the respondent does not receive or discharge passengers along the route between *termini* he does not transport passengers as street cars do and does not receive or discharge passengers along a regular route within the meaning of the act, and is not guilty.

*Respondent discharged.*

All concurred.