Strafford, }
March 4, 1930. }

DOVER, SOMERSWORTH & ROCHESTER STREET RAILWAY CO.
*v.*
RAYMOND W. WENTWORTH & a.

*Hughes & Burns,* for the plaintiff.

*Sewall & Waldron,* for the defendants.

Snow, J. The plaintiff's claim depends upon the validity of its principal contention that in the carriage of the employees of the Plant corporation the defendant Wentworth is engaged in the business of a common carrier within the terms of P. L., *c.* 258, *s.* 1. Authorities from jurisdictions construing statutes dissimilar in form or purpose can be of little aid. The meaning of our statute as applied to the facts here is not an open question.

As originally enacted the section provided: "Every person, firm or corporation operating any motor vehicle other than a street car upon any public street or way in the business of transporting passengers for hire, and receiving and discharging passengers along a regular route over which the vehicle is operated, is hereby declared to be a common carrier and as such shall be subject to the provisions of this act so far as applicable thereto." Laws 1919, *c.* 86, *s.* 1. In *State* v. *Downes,* 79 N. H. 505, 506, 507, this court in construing the statute said: "in seeking to regulate motor vehicles other than street cars it is probable the legislature intended motor vehicles conducting substantially the same business if the language used is fairly descriptive of it. One distinguishing characteristic of street railway transportation is the frequent stopping to take on or discharge passengers along the route, not merely at but between *termini.* Construing 'along a regular route' to mean between and not merely at the *termini* of the route, the language of the statute aptly describes passenger street railway transportation. As the language in one view aptly describes transportation by street cars, it is probable that it

was intended to have such meaning in a statute providing for the regulation of street transportation by motor vehicles other than street cars." In that case as the defendant did not receive or discharge passengers along his route but only at its *termini* it was held that he did not come within the terms of the act.

Following the announcement of this decision the legislature amended the section by inserting after the words "discharging passengers along" the words "or at the termini of." Laws 1921, c. 59, s. 1. The amended statute was considered in *Haselton* v. *Stage Lines*, 82 N. H. 327, 331 where the defendant, an interstate common carrier of passengers, was held to come within the statute as respects its intrastate business between its only two domestic *termini*, Manchester and Nashua, although there was no allegation that it received or discharged passengers along the intermediate route. While thus giving effect to the amendment, this court expressly affirmed the conclusion reached in *State* v. *Downes, supra*, namely, that the business sought to be regulated was that usually conducted by street railways, and found confirmation thereof in the history of the legislation in its making. It was there said that the amendment was intended solely to bring cases of like character to *State* v. *Downes, supra*, within the purview of the act. In that case the respondent was operating an "express jitney" in the business of carrying passengers between the *termini* of a regular route in Portsmouth. 343 Briefs and Cases, 497. In other words, the only effect of the amendment was to extend the scope of the act to include operators of motor vehicles making no stops between *termini* but who were otherwise conducting substantially the same business as street railways.

The conclusion reached in these cases finds confirmation in the codification of 1926 (P. L., c. 258, s. 1) where this section is given the prefatory heading "Common Carriers," disclosing the legislative understanding that the words "common carrier" in the body of this section is used in its conventional or common-law sense, and not as designating motor carriers as a class irrespective of the public or private character of their employment.

Street railways are common carriers. One essential characteristic of their business is the carriage of the public generally. The defendant Wentworth, in the carriage in question, is not a common carrier. *Faucher* v. *Wilson*, 68 N. H. 338, 339 and cases cited. The service offered and performed by him is not to the public but is expressly found to be "special and exclusive, limited to the transportation of these [defendant corporation's] employees only."

It follows that, on the route in question, Wentworth, not being engaged in a business such as is usually conducted by street railways, does not come within the statute. The fact that he is a common carrier upon another and distinct route is immaterial.

The plaintiff is not entitled to the injunction prayed for.

*Bill dismissed.*

All concurred.