Public Utilities Commission,
No. 5399.

## Household Goods Carriers Ass'n & a.

*v.*

## Ronald E. Ouellette d/b/a Ron's Moving & Storage.

Argued April 5, 1966.
Decided May 31, 1966.

*Booth, Wadleigh, Langdell, Starr & Peters* ( *Mr. Philip G. Peters* orally ), for the plaintiffs.

*George S. Pappagianis,* Attorney General and *George L. Manias* and *R. Peter Shapiro*, Assistant Attorneys General ( *Mr. Shapiro* orally ), for the State.

*Lemieux & St. Pierre* for the defendant, filed no brief.

Duncan, J. RSA 375-A:3 ( supp ) relating to the carriage of household goods for hire, provides as follows: "Issuance. A certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, rules and regulations issued by the commission thereunder, and that the proposed service, to the extent to be authorized by the certifi-

cate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied."

Following hearing, the Commission found and ruled that the "applicant is fit, willing and able to engage in operations as a household goods carrier" and concluded: "Upon consideration of all the facts the Commission is of the opinion that a Certificate authorizing operations as a household goods carrier should be issued." In reaching this conclusion the report stated: "While no witnesses appeared to testify that public convenience and necessity requires an additional furniture mover in the Manchester area, the Commission feels that testimony presented by those in opposition to the application is insufficient to require denial of the same."

The plaintiffs correctly contend that a finding that the proposed service will be required by the present or future public convenience or necessity is a prerequisite to issuance of a permit. They further argue that the Commission did not "affirmatively" so find, that the record would not support such a finding, and hence that the certificate was erroneously granted.

Under the statute authorizing the appeal (RSA 541:13) the burden is upon the appealing parties to show that the decision appealed from "is clearly unreasonable or unlawful, and all findings of the commission upon all questions of fact properly before it shall be deemed to be *prima facie* lawful and reasonable." The decision is not to be set aside or vacated "except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." *Id.*

The applicant who is defendant herein presented evidence which warranted the finding of the Commission that he was fit, willing, and able to engage in the proposed operations. It appeared that they would be conducted from a warehouse on Mast Road in Manchester, conveniently located with respect to Goffstown, New Boston, and Weare.

While it is true, as the plaintiffs point out, that the Commission made no express finding that the proposed service is or will be required by the present or future public convenience and necessity, we may not assume that it acted in disregard of the explicit mandate of the statute that in the absence of such a finding the "application shall be denied." RSA 375-A:3 (supp) *supra.* After adverting to the absence of any witness who testified that the public convenience and necessity required the proposed

service, the Commission found that the testimony of the opponents did not require a different conclusion, and proceeded upon "all the facts," to rule that a certificate should issue. A finding that public convenience and necessity "present or future," require the service is implicit in the order. *Welch Co.* v. *State,* 89 N. H. 428, 439.

Under the language of the statute adequacy of existing service is only one of several factors to be considered. See *Nashua Motor Express* v. *United States,* 230 F. Supp. 646, 652 ( D. N. H. 1964 ). The Commission is to consider future as well as present needs. RSA 375-A:3, *supra.* See *White Mountain Power Co.* v. *Whitaker,* 106 N. H. 436, 442; *Aero-Mayflower Transit Co.* v. *United States,* 208 F. Supp. 303, 305 ( D. S. D. Cal. 1962 ).

There was evidence in these proceedings that existing carriers, upon occasion, were "buried up" with work, and that advertisement by the applicant in a local newspaper for several weeks in May and June resulted in daily telephone inquiries, ninety per cent of which sought the carriage of household goods, not then within the applicant's authority. On the record before it, the Commission could find that a need existed, or would exist, on a state-wide basis, for another carrier, equipped to move household goods in less than "carload lots," and on a modest scale as the applicant proposed. See *Interstate Commerce Commission* v. *Parker,* 326 U. S. 60; *Dahlen Transport Inc.* v. *Hahne,* 261 Minn. 218. We hold that the order of the Commission was not erroneous, or shown to be unjust or unreasonable. RSA 541:13, *supra.*

*Appeal dismissed.*

All concurred.