Public Utilities Commission
No. 6695

JOHN K. SHELDON d.b.a.
J. SHELDON's MOTOR SERVICE & AUTO BODY

v.

STATE OF NEW HAMPSHIRE

April 30, 1974

*McLane, Graf, Greene & Brown* and *Charles A. DeGrandpre (Mr. DeGrandpre* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *John L. Ahlgren,* attorney *(Mr. Ahlgren* orally), for the State.

DUNCAN, J. This is an appeal under RSA ch. 541 from Public Utilities Commission Order No. 10,917 granting plaintiff a limited certificate of public convenience and necessity to operate as an irregular route common carrier by motor vehicle. RSA 375-B:5 (Supp. 1973). The plaintiff operates several wrecker trucks, including a factory-built unit capable of handling large loads, from his towing and vehicle repair business in Milford. Under informal arrangements he and his employees provide towing services for a number of area businesses, hauling disabled trucks and other vehicles to his own shop, and to other places in the State as ordered by the customer. The plaintiff is the local AAA towing representative, and is listed as such in the yellow pages. He also advertises his services by roadside signs and imprinted calendars.

Before 1971 plaintiff was not licensed as a carrier under RSA ch. 375-B (Supp. 1973). In October of that year, apparently after a visit from a representative of the commission, he applied for a certificate of public convenience and necessity as a common carrier of property by motor vehicle and for a similar permit as a contract carrier. A hearing on these applications was held before a hearing examiner in December 1972. The commission's report D-T6149 and its orders No. 10,917 and No. 10,918 were issued on April 16, 1973 and plaintiff's motion for rehearing was denied by the commission on May 16, 1973.

Order No. 10,918 granted the plaintiff an unlimited contract carrier permit. No. 10,917 granted him a certificate as an "irregular route common carrier", RSA 375-B:5 (Supp. 1973), for the purposes of "transporting wrecked, disabled, repossessed and stolen motor vehicles between points and places in New Hampshire on the one hand, and points and places in the towns of Milford and Wilton on the other."

Thus the plaintiff was authorized as a common carrier to haul between his base area of Wilton-Milford and other points in the State, but not between points outside this base area. Plaintiff seeks to compel the issuance of an unlimited common carrier certificate, or in the alternative, remand to the commission for further consideration of the issuance of an unrestricted certificate.

At the hearing, the examiner and another commission employee questioned the plaintiff about the nature and extent of his then existing but unlicensed towing operations. This questioning was apparently directed to determination of the minimum authority necessary to permit continuance of such operation. The plaintiff argues that it demonstrated a purpose to grant authority to continue all of his then existing operations, and that since the orders issued do not fully allow such continuance, the limitations of order No. 10,917 were erroneous, unjust and unreasonable. With this argument we cannot agree. The fact that the examiner undertook to ascertain the scope of the applicant's unauthorized operations, could imply no commitment with respect to projected action by the commission.

However, we find no reason to assume that the plaintiff will be unable under his unlimited contract carrier permit to continue his arrangements with local businesses and neighboring police departments to provide service on a continuing basis, which is his chief concern in this appeal. Such arrangements at times involve towing between places outside of the Wilton-Milford base area. Notwithstanding informal understandings of a general character, or the lack thereof, towing between points outside the base area, in the nature of things, occurs not by prearrangement, but by "separate agreement or agreements", and thus may properly be provided under the plaintiff's contract carrier permit. RSA 375-B:2 VII (Supp. 1973); *see Faucher v. Wilson*, 68 N.H. 338, 38 A. 1002 (1895). In the absence of evidence of any commission regulations (RSA 375-B:17 (Supp. 1973); RSA ch. 541-A (Supp. 1973)) indicating the contrary, we hold that the plaintiff's prior operations between points outside of his base area, as disclosed by the record, may be continued under his unlimited contract carrier permit, subject to the requirements of RSA 375-B:16 (Supp. 1973) relating to filings of rates applicable to service in competition with any common carrier. *See Dover &c. Ry. Co. v. Wentworth*, 84 N.H. 258, 149 A. 505 (1930).

Under the motor carrier statute, a common carrier certificate, to which this appeal relates, is to be issued to qualified applicants if the "proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity . . . ." RSA 375-B:5 (Supp. 1973). This language contrasts with that of RSA 375-B:7 (Supp. 1973), which provides that contract carrier permits shall be issued if it appears that the operation "will be consistent with the public interest and the policy declared in section 1 of this act." Section 7 further provides that the carrier shall not be restricted in his right to "substitute or add contracts within the scope of the permit" as demand may require.

We do not find that the record establishes that the "public convenience and necessity" as a matter of law required issuance of an unrestricted common carrier certificate in

addition to the unlimited contract carrier permit simultaneously issued to the plaintiff. The appeal statute provides that absent errors of law, commission orders are not to be set aside "unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." RSA 541:13; *Auclair Transportation, Inc. v. State,* 113 N.H. 231, 305 A.2d 662 (1973); *Household Goods Carriers v. Ouellette,* 107 N.H. 199, 219 A.2d 699 (1966). The record in this case does not provide such evidence.

*Appeal dismissed.*

All concurred.