Public Utilities Commission
No. 6799

FREDERICK J. PICCO
d.b.a. PICCO CONSTRUCTION CO.

v.

STATE OF NEW HAMPSHIRE

October 31, 1974

*Gerald R. Prunier* and *David M. Gottesman,* by brief, for the plaintiff.

*Warren B. Rudman,* attorney general, and *John L. Ahlgren,* attorney, by brief, for the State.

*Devine, Millimet, Stahl & Branch* and *Silas Little III,* by brief, for the intervenor, Browning-Ferris Industries of New Hampshire, Inc.

PER CURIAM. Appeal under RSA 541:6 from an adverse decision by the public utilities commission defining and limiting the plaintiff's rights to carry on statewide rubbish and salvage operations under a permit (No. 386) granted by the commission on October 17, 1968. The pertinent portion of RSA 375-B:4 (Supp. 1973), under which this permit was issued, contains a "grandfather clause". This provides that one applying for contract carrier authority on or before December 1, 1967, shall obtain a permit from the commission authorizing such operation if the applicant "was engaged in bona fide operation as a . . . . contract carrier by motor vehicle of property [of type in question] . . . on December 1, 1966, over the route or routes or within the territory for which application is made and has so operated since that time . . . ."

The plaintiff applied within the time limit. The permit issued October 17, 1968, authorized him to conduct "Transportation of dump truck commodities used in highway construction and maintenance, loam, coal, building material, concrete, steel and cast iron products, bagged cement, pumice, snow, refuse and salvage, landscaping materials and supplies, machinery and road-building equipment, between all points and places in New Hampshire."

On March 19, 1973, the plaintiff executed an agreement with C & S Disposal Contractors, Inc., under which he leased from C & S Disposal certain motor vehicles and containers to be used by him in refuse collection operation and began

to claim and exercise the right to a statewide rubbish and salvage disposal business. The intervenor, Browning Ferris Industries of New Hampshire, Inc., formerly Earl's Rubbish Disposal, Inc., complained to the commission on March 30, 1973, and thereafter alleged a violation of RSA ch. 375-B (Supp. 1973). A hearing was held before the commission on June 26, 1973, at which the interested parties testified, resulting in the following order by the commission, issued on October 3, 1973: Order No. 11,115, which reads as follows:

"ORDERED, that Order No. 9394 containing Property Carrier Public Interest Permit No. 386, dated October 7, 1968 be, and hereby is, amended to restrict the transportation of refuse and salvage to that which is performed in connection with construction, remodeling or demolition of buildings; and it is

"FURTHER ORDERED, that the said Property Carrier Public Interest Permit No. 386 be, and hereby is, amended to authorize Frederick J. Picco, d/b/a Picco Construction Co. to engage in operations as a contract carrier as follows:

"Transportation of rubbish between all points and places in the towns of Salem and Derry; and it is

"FURTHER ORDERED, that said operation shall comply with the provisions of RSA 375-B, and the Rules and Regulations prescribed by the Public Utilities Commission pursuant thereto."

The plaintiff "appealed" on October 19 following to the commission and requested a rehearing, which was denied on October 24. The grounds for the appeal were that the order was "unlawful, unreasonable, and contrary to the evidence presented." Subsequently, the plaintiff perfected his appeal to the supreme court under RSA ch. 541, alleging the same grounds as in his appeal to the commission.

In order for the plaintiff to prevail, it was necessary under RSA 375-B:4 (Supp. 1973) for him to show that he had conducted an actual and substantial, rather than potential,

statewide rubbish salvage operation on December 1, 1966. *Milne v. State,* 113 N.H. 516, 309 A.2d 911, 912 (1973). The determinative question before us is whether the commission's finding that the plaintiff had not conducted such an operation on December 1, 1966, and the order based upon the finding, are sustainable. Under our law, the burden was on the plaintiff to show by a "clear preponderance of the evidence" that the commission's order was "unjust or unreasonable" or that it was unlawful. RSA 541:13; *Waste Control Systems, Inc. v. State,* 114 N.H. 21, 314 A.2d 659 (1974). An examination of the entire record, including the transcript of the evidence, convinces us that the commission's findings of fact are supported. Its conclusion that the plaintiff did not conduct an actual statewide rubbish salvage operation on or before December 1, 1966, is warranted. The commission properly found that plaintiff's bona fide contract carrier refuse service on or before that date was limited to the towns of Salem and Derry.

The original permit issued in 1968 (No. 386), upon which the plaintiff's present claim is founded, was granted by the commission in reliance upon certain of plaintiff's sworn statements. It was proper for the commission to inquire into this matter and to delineate and restrict the plaintiff's rights to what they actually were when the 1968 permit was issued. Its action took nothing from the plaintiff to which he was legally entitled and was no invasion of his vested rights. *Milne v. State,* 113 N.H. 516, 309 A.2d 911 (1973). We hold that the plaintiff has failed to show that the order of the commission was unreasonable or against the law.

*Appeal dismissed.*