Public Utilities Commission
No. 6756

HARRY K. SHEPARD, INC.

v.

STATE OF NEW HAMPSHIRE

April 30, 1975

*Devine, Millimet, Stahl & Branch* and *Silas Little III (Mr. Little* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *John L. Ahlgren,* attorney *(Mr. Ahlgren* orally), for the State of New Hampshire.

*McLane, Graf, Greene & Brown* and *Charles A. DeGrandpre (Mr. DeGrandpre* orally) for the intervenor trucking companies opposing this application.

PER CURIAM. The issue in this case on appeal from the public utilities commission (RSA ch. 541) is whether the plaintiff was denied due process of law when it was refused a permit necessary to haul rubbish within the State of New Hampshire.

Harry K. Shepard, Inc., by application originally filed in 1968, requested authority to operate within thirty-four communities bordering the New Hampshire-Vermont boundary. On August 1, 1973, after a hearing, the commission rejected the plaintiff's application because "the record does not reflect any apparent need for additional refuse carrier service in the areas involved." Consequently, the commission adds, "the public interest does not require the issuance of a permit. The application is, therefore, denied." RSA ch. 375-B (Supp. 1973).

The commission has broad discretion to act in the public interest. *Waste Control Systems, Inc. v. State,* 114 N.H. 21, 314 A.2d 659 (1974); *Vautier v. State,* 112 N.H. 193, 291 A.2d 612 (1972); D'Ambruoso, *The New Hampshire Public Utilities Commission: Functions and Jurisdiction,* 15 N.H.B.J. 177 (1974). In this case, there was substantial evidence that granting the application would not only provide needed service but would also provide competition. There was evidence, however, that the "area embraced by application is presently receiving adequate and sufficient service from 17 carriers who specialize in rubbish disposal, and fulfilling the existing needs for service. The record shows that several of these carriers employ modern, sophisticated equipment, including roll-off units, and indications are evident that these carriers are willing to invest in additional equipment contingent upon demands in sufficient volume to support operations. Protestants submit that they are now offering, or are in a position to offer, containerized service of the type applicant is proposing in all areas embraced by the application." The finding of the commission that Shepard failed to sustain its burden is therefore supported by the record.

As in *Browning-Ferris Industries of New Hampshire, Inc. v. State,* 115 N.H. 190, 339 A.2d 1 (1975) decided this date, the absence of one commissioner from the hearing is not a denial of due process.

We have also examined the expanded record ordered in *Harry K. Shepard, Inc.* and *Browning-Ferris Industries of New Hampshire, Inc. v. State,* 114 N.H. 344, 320 A.2d 110 (1974), and find no such inconsistency as would require a remand.

Accordingly, this appeal is

*Dismissed.*