Public Utilities Commission
No. 6789

BROWNING-FERRIS INDUSTRIES OF NEW HAMPSHIRE, INC.

v.

STATE OF NEW HAMPSHIRE

April 30, 1975

*Devine, Millimet, Stahl & Branch* and *Silas Little III* (*Mr. Little* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *John L. Ahlgren,* attorney (*Mr. Ahlgren* orally), for the State of New Hampshire.

PER CURIAM. The key issue in this case on appeal from the public utilities commission (RSA ch. 541) is whether the plaintiff was denied due process of law when it was refused a permit to haul rubbish as a contract carrier throughout the town of Hooksett.

Earl's Rubbish Disposal, Inc., a wholly-owned subsidiary of Browning-Ferris Industries, was denied a permit to transport rubbish in the town of Hooksett, with the exception of the rubbish of a college located on the Manchester-Hooksett line which had been a previous customer. Plaintiff was authorized to operate in Manchester as a common carrier. In denying this plaintiff's broader application, the commission said that " [w ]hile it is the desire of

the carrier to add other patrons in the Town of Hooksett, no public support for this is shown on the record." RSA ch. 375-B (Supp. 1973).

The commission has broad discretion to act in the public interest. *Waste Control Systems, Inc. v. State,* 114 N.H. 21, 314 A.2d 659 (1974); *Vautier v. State,* 112 N.H. 193, 291 A.2d 612 (1972); D'Ambruoso, *The New Hampshire Public Utilities Commission: Functions and Jurisdiction,* 15 N.H.B.J. 177 (1974). Although there was evidence of need, there was also evidence that an existing carrier was capable of providing the needed service. The evidence did not require a finding favorable to the plaintiff and the denial of the application was not arbitrary.

The plaintiffs also claim that the commission's refusal to grant an expanded permit created a monopoly situation in Hooksett which was against the public interest. *See* RSA 375-B:1 (Supp. 1973); RSA chs. 358-A (Supp. 1973), 356; N.H. CONST. pt. II, art. 83. We need not reach this issue, since it was not raised on petition for rehearing before the commission. RSA 541:4.

We cannot agree with the plaintiff's final argument that as a matter of law the failure of a public utilities commissioner to attend the hearing on this matter but at the same time participate in the decision on the license violates due process. Due process is not denied when an administrative examiner takes evidence, analyzes it, and makes recommendations on the basis of such evidence while the actual decision-maker reviews the evidence and makes a final determination based on the record and recommendations. RSA 363:16; *Morgan v. United States,* 298 U.S. 468, 480-82 (1936); 18 A.L.R.2d 606 (1951, Supp. 1974); K. Davis, Administrative Law Text §§ 11.01-07 (1972).

We have also examined the expanded record ordered in *Harry K. Shepard, Inc.* and *Browning-Ferris Industries of New Hampshire, Inc. v. State,* 114 N.H. 344, 320 A.2d 110 (1974), and find no such inconsistency as would require a remand.

Accordingly, this appeal is

*Dismissed.*