Public Utilities Commission
No. 7369

BROWNING-FERRIS INDUSTRIES OF NEW HAMPSHIRE, INC.

v.

PUBLIC UTILITIES COMMISSION & a.

April 30, 1976

*Devine, Millimet, Stahl & Branch* and *Silas Little III (Mr. Little* orally) for the plaintiff.

*David H. Souter,* attorney general, and *John L. Ahlgren,* assistant attorney general *(Mr. Ahlgren* orally), for the State of New Hampshire.

*McLane, Graf, Greene, Raulerson & Middleton, Charles A. De-Grandpre* and *Grenville Clark III (Mr. DeGrandpre* orally) for the intervenor companies opposing this application.

GRIFFITH, J.   Pursuant to RSA 375-B:7 (Supp. 1975) the plaintiff sought from the public utilities commission a contract carrier permit to operate as a motor carrier of refuse in ninety-one cities and towns in the State of New Hampshire. After hearing, the commission denied the plaintiff's application on the ground that the grant of authority requested would not be consistent with the public interest. Plaintiff's motion for rehearing was denied, and it appealed to this court in accordance with the provisions of RSA 541:6.

The plaintiff objects to the commission's decision on the grounds that (1) the effect the requested grant of authority would have on existing carriers was not a factor which could properly be considered in the commission's determination as to how the public interest would best be served and (2) that the commission's finding that the plaintiff's affidavits and letters of support were insufficient to warrant a grant of authority was unreasonable and unjust. We can find no merit in either contention.

The phrase "public interest" has been given a broad definition by this court and has been held to include not only the needs of particular persons directly affected but also the needs of the public at large and the general welfare of the utility involved. *Waste*

*Control Systems, Inc. v. State,* 114 N.H. 21, 24, 314 A.2d 659, 661 (1974). The commission has broad discretion to act in the public interest, and there can be no question that the adequacy of existing service and the effect which a proposed grant will have on the industry as presently constituted have always been proper subjects for the commission's consideration. *Harry K. Shepard, Inc. v. State,* 115 N.H. 184, 339 A.2d 2 (1975); *Browning-Ferris Indus. v. State,* 115 N.H. 190, 339 A.2d 1 (1975); *Waste Control Systems, Inc. v. State,* 114 N.H. 21, 314 A.2d 659 (1974); *Vautier v. State,* 112 N.H. 193, 291 A.2d 612 (1972); *see* D'Ambruoso, *The New Hampshire Public Utilities Commission: Functions and Jurisdiction,* 15 N.H.B.J. 177 (1974).

As to the sufficiency of the commission's reliance on the plaintiff's affidavits, we note that the record in this case at bar comprised over thirteen hundred pages of testimony, given at eight hearings spanning a period of six months. There was substantial evidence to support the commission's finding that the requested grant of authority would create an oversupply of transportation in the given areas which would threaten existing carriers, to the disservice of the public interest. The commission's finding that the plaintiff failed to sustain its burden under RSA 375-B:7 (Supp. 1975) is thus supported by the record. *Harry K. Shepard, Inc. v. State,* 115 N.H. 184, 339 A.2d 2 (1975). As to the plaintiff's contention that the commission acted arbitrarily in its failure to place as great reliance on the affidavits and letters of support furnished herein as has been done in prior cases, the commission's emphasis of different factors from case to case is warranted by the infinite variety of fact situations presented and is not arbitrary. *Vautier v. State,* 112 N.H. 193, 195-96, 291 A.2d 612, 614 (1972).

*Appeal dismissed.*

All concurred.