Merrimack
No. 78-061

## NEW HAMPSHIRE PUBLIC UTILITIES COMMISSION

### v.

## GEORGE NAUGHTON, d/b/a
## NAUGHTON DISPOSAL SERVICE

November 15, 1978

*Dom S. D'Ambruoso*, of Concord, by brief and orally, for the commission.

*Stanley, Tardif & Shapiro*, of Concord (*R. Peter Shapiro* orally), for the defendant.

PER CURIAM. In this action the public utilities commission seeks to enjoin defendant's continued operation as a trash collector. The issue presented is whether the defendant is exempt from commission control under the provisions of RSA ch. 375-B (Supp. 1977), which vest the commission with jurisdiction over common and contract carriers. Based upon our reading of the statute, we find that the commission has no jurisdiction over the defendant.

Defendant operates his business under the name of Naughton Disposal Service. He admits that since beginning his business in New Hampshire in 1968, he has failed to obtain a permit to operate as either a common or contract carrier. Also undisputed is the fact that defendant has been convicted on several occasions of operating without such a permit. Three of these convictions are pending on appeal to the superior court. Despite these convictions, defendant continues in his business.

In February 1977, the commission filed a petition for injunctive relief in the Superior Court for Merrimack County, alleging that defendant continued to operate as a common or contract carrier without proper authorization. The defendant claimed that he was a private carrier and thus exempt from the permit requirement and the commission's control. A hearing before *Batchelder*, J., resulted in a finding that defendant was neither a common nor a contract carrier, but rather was a private carrier, and hence exempt from the provisions of RSA ch. 375-B. Plaintiff's exceptions were reserved and transferred.

■■ In this State, the commission has jurisdiction over carriers only if those carriers are acting as "common" or "contract" carriers. RSA 375-B:2 (IV) (Supp. 1977) defines a "common carrier" as "any person engaged in transportation by motor vehicle . . . who carries or holds himself by advertising or otherwise to carry the property of those choosing to employ him." The trial court held that defendant did not fall within this definition. The court found that defendant had not held himself out as a common carrier; nor, said the court, was there any evidence that he was willing to transport goods for anyone who so desired. Rather, the court found that defendant conducts his business with specific contracts with his customers. The court also found that defendant operates in several towns and, since January 1, 1977, has operated as a recycler of garbage, billing each customer for container rental space, and actually purchasing the garbage stored in his containers. On the basis of these findings, the trial court ruled that defendant is not a common carrier.

A "contract carrier" is defined in RSA 375-B:2 (VII) (Supp. 1977) as "any person engaged in the transportation of property for compensation, for a particular person or persons to or from a particular place between points in this state. . . ." The trial court found that defendant did not contract to transport garbage "to or from a particular place," but rather that he was compensated for storing his customers' garbage. Moreover, the court found that under the rental scheme, title to the garbage passed to the defendant before it was transported. These findings led the court to conclude that defendant is not a contract carrier within the meaning of the statute.

The findings of the trial court could reasonably be made on the evidence and they therefore must stand. *Archambault v. Adams*, 118 N.H. 634, 392 A.2d 139 (1978); *Hardware Mut. Cas. Co. v. Hopkins*, 106 N.H. 412, 417, 213 A.2d 692, 696 (1965). RSA 375-B:4 requires permits only if a carrier is acting as a common or a contract carrier. Because defendant's activities fall within neither of these definitions, he is not covered by the permit requirements.

■ In *Waste Control Systems, Inc. v. State*, 114 N.H. 21, 314 A.2d 659 (1974), a majority of this court did not deal extensively with the question whether collectors of garbage are outside the jurisdiction of the commission. That question was dealt with, however, in a dissenting opinion (*Grimes*, J.), which concluded that garbage collectors are neither common nor contract carriers. This is the first time since the *Waste Controls* case that we have had to deal with the issue. We now adopt the reasoning of the dissenting opinion in that

case, and find that garbage collectors, at least when operating in the manner here presented, are private carriers and thus beyond the commission's jurisdiction. As was stated in the earlier case:

> A private carrier under the statute is one who is the owner, lessee or bailee of the property transported. . . . To the homeowner, the garbage has a negative value and he impliedly relinquishes any interest therein to the collector and pays him to carry it away. The collector is then carrying his own property and is a private carrier exempt from the statute. . . . Also, there is no requirement that the collector transport the garbage to any particular place. The homeowner doesn't care where the collector takes the garbage or what he does with it. This being so, the collector is not engaged in transportation between particular points in the State and does not therefore meet the definition of either a common or contract carrier.

*Waste Control Systems, Inc. v. State*, 114 N.H. 21, 25–26, 314 A.2d 659, 662 (1974) (Grimes, J., dissenting) (citations omitted).

The trial court was in accord with this view and found that, because of the special arrangement which defendant had with his customers, he was in an even stronger position. RSA 375-B:2 (VIII) (Supp. 1977) defines a "private carrier" as one who does not fall within the scope of the common or contract carrier definitions and who transports "property of which such person is the owner, lessee, or bailee, when such transportation is for the purpose of sale, lease, rent or bailment, or in furtherance of any commercial enterprise." The court found that defendant was engaged in the recycling business, and that his transportation of the garbage was in furtherance of that enterprise. Defendant, therefore, was held to be a private carrier. Again, these findings could reasonably be made on the evidence; hence, they will stand. *Archambault v. Adams*, 118 N.H. 634, 392 A.2d 139 (1978).

*Exceptions overruled.*